**UNITED STATES of America, Appellee,**

v.

**Charles E. GHENT, Appellant.**

**No. 93–3407.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1994.

Decided July 11, 1994.

L. Gene Worsham, Little Rock, AR, argued, for appellant.

Michael D. Johnson, Asst. U.S. Atty., Little Rock, AR, argued, for appellee.

Before McMILLIAN, WOLLMAN, and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Charles E. Ghent appeals from the district court's [1] imposition of a 262–month sentence for possession of methamphetamine with intent to distribute in violation of 21 U.S.C.

harm the plaintiff and was not acting out of a concern for the company's interests. *See id.*, 191 Ill.Dec. at 974, 624 N.E.2d at 1352.

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

§ 841(a)(1) (1988). In calculating Ghent's sentence, the district court applied U.S.S.G. § 4B1.1 (Nov. 1992), the career-offender guideline. Ghent challenges the district court's application of § 4B1.1 to his sentence, and he challenges the district court's factual findings regarding the relevant quantity of methamphetamine. In a separate *pro se* brief, Ghent claims the government breached its plea agreement with him. We affirm.

The presentence investigation report (PSI) prepared by the United States Probation Office stated that Ghent was a career offender as that term is defined by § 4B1.1 of the guidelines. The district court agreed. Section 4B1.1 provides in relevant part:

*Career Offender*

A defendant is a career offender if (1) the defendant is at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or *a controlled substance offense,* and (3) the defendant has at least *two prior felony convictions* of either a *crime of violence* or a controlled substance offense.

U.S.S.G. § 4B1.1 (emphases added). The district court applied this guideline to Ghent's sentence because his plea was to a controlled substance offense and Ghent, according to the district court, had two prior felony convictions for "crimes of violence." "The term 'crime of violence' [includes] any offense under federal or state law punishable by imprisonment for a term exceeding one year that ... is burglary of a dwelling." U.S.S.G. § 4B1.2(1)(ii).

■ Ghent challenges the district court's finding that he is a career offender, alleging that one of the predicate crimes was not a crime of violence.[2] Specifically, Ghent contends the district court erred when it included his 1991 Arkansas conviction for burglary of a vacant home as the second predicate crime of violence. In support, Ghent argues that under Arkansas law, he did not commit a burglary. Arkansas defines burglary as the unlawful entry of an "occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment." Ark.Code Ann. § 5–39–201 (Michie 1993). Ghent focuses on the fact that the home he entered appeared vacant and, in fact, was vacant at the time of his illegal entry. Despite his counseled plea of guilty to the burglary in Arkansas state court, Ghent contends that he did not commit burglary because the vacant home was not an "occupiable structure." We cannot review this claim because Ghent impermissibly attempts to collaterally attack his state conviction for burglary. *See* U.S.S.G. § 4A1.2, comment. (n. 6) (Nov. 1992) (stating which sentences are not to be counted in computing a criminal history score); *United States v. Elliott,* 992 F.2d 853, 856–58 (8th Cir.1993) (holding that application note 6 of § 4A1.2 precludes collateral attack of a state conviction used to enhance a sentence pursuant to § 4B1.1), *cert. denied,* —— U.S. ——, 114 S.Ct. 2139, 128 L.Ed.2d 868 (1994).

■ Ghent further alleges that the court should look beyond the statutory definition of the crime to determine whether it was a crime of violence. *Cf. United States v. Cornelius,* 931 F.2d 490, 493 (8th Cir.1991) (court should look beyond the statutory elements to determine whether conviction for being a felon in possession of a firearm involves conduct that presents a serious potential risk of harm to another). Such an examination, according to Ghent, will reveal that his 1991 burglary was not a crime of violence.[3] We disagree.

Section § 4B1.2 specifically defines burglary of a dwelling as a crime of violence. U.S.S.G. § 4B1.2(1)(ii). To the extent that Ghent alleges that the unoccupied residence was not a dwelling, we reject his argument. *See Webster's II New Riverside Dictionary* 412 (1984) (a dwelling is a residence).

---

2. Ghent also alleges that the government did not carry its burden of proving the predicate felony convictions. We disagree, noting that Ghent either admitted to the felony conviction, *see* Tr. at 4, or stipulated to the authenticity of the police records at the sentencing hearing, Tr. at 5.

3. The testimony indicated that the owner of the home was out of state at the time of the crime.

Furthermore, we note that crimes included under § 4B1.2's catchall definition of a crime of violence are those that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii). Assuming, without deciding, that we look beyond the guidelines' pronouncement that burglary of a dwelling is per se a crime of violence, we cannot say that the illegal entry of a home to commit a crime, even if its occupants are not currently present, does not involve conduct posing a serious potential risk of physical harm to another. Thus, we hold that the district court's finding that Ghent's 1991 burglary was a crime of violence is not clearly erroneous.

Because we affirm Ghent's career offender status, we need not consider his arguments regarding the district court's calculation of the drug quantity for sentencing purposes.[4] We dismiss as frivolous Ghent's *pro se* challenge to his plea agreement. The government did not promise, as he alleges, to move for a U.S.S.G. § 5K1.1 reduction in sentence. It promised, rather, to move for either a § 5K1.1 reduction *or* a reduction pursuant to Federal Rule of Criminal Procedure 35. Because the time for a Rule 35 motion has not yet expired, Ghent's claim is premature.

Finding that the district court committed no error, we affirm Ghent's sentence of 262 months.

---

4. Unless the otherwise applicable offense level is greater, § 4B1.1 assigns offense levels based upon the statutory maximum for the particular offense committed. U.S.S.G. § 4B1.1. Ghent does not challenge the district court's finding that his statutory maximum is life imprisonment with a corresponding offense level of 37.