**UNITED STATES of America, Appellee,**

v.

**Lionel Vincent COLLINS, Appellant.**

No. 95–1698.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1995.

Decided Oct. 4, 1995.

Bradley S. Dede, St. Louis, MO, argued (Charles M. Shaw, Clayton, MO, on the brief), for appellant.

James C. Delworth, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before FAGG, HENLEY, and MAGILL, Circuit Judges.

PER CURIAM.

Lionel Vincent Collins was found guilty after a jury trial of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1988) and sentenced to sixty-three months imprisonment and four years of supervised release by the district court.[1] Collins appeals, asserting that (1) there was insufficient evidence to support a guilty verdict; (2) the trial court erred in barring exculpatory hearsay evidence; (3) the trial court erred in instructing the jury on the reasonable doubt standard; and (4) the trial court erred in failing to depart downward in sentencing from the sentencing guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988). We affirm.

## I. BACKGROUND

Collins was promised $500 to transport cocaine and money between Los Angeles and St. Louis for Melvin Henderson and Michael Goodwin. On April 28, 1994, Drug Enforcement Agency (DEA) personnel at the Lambert International Airport in St. Louis, Missouri, acting on detailed information provided by a DEA agent assigned to the Los Angeles International Airport, stopped Collins, who was traveling under the name Melvin Henderson, and briefly questioned him regarding his activities. Appearing nervous, and after lying to the DEA regarding his recent flight, Collins consented to a search of his luggage and voluntarily provided a key to the lock of the suitcase he was carrying. The DEA found a Rubbermaid box inside the suitcase containing 1,244.4 grams of 71–73% pure cocaine.

Following his arrest and two Miranda warnings, Collins acknowledged that he understood and voluntarily waived his Miranda rights. Collins provided a taped statement to the DEA, in which he stated:

> All the cocaine was Mike Goodwin's and Melvin Henderson. I am only the guy that got the bag and carried it back and forth from St. Louis to L.A. and L.A. to St. Louis. ... Melvin Henderson put the cocaine in the suitcase on both trips. Mike Goodwin put the money in the suitcase on both trips. I am just instructed and paid to bring and deliver the suitcase to Melvin Henderson and Mike Goodwin. I am not aware of the amount of money or what Melvin puts in the suitcase. I don't see the bag/suitcase until it's time for me to fly out.

Collins agreed to make a taped phone call to Michael Goodwin, who was to be the ultimate recipient of the cocaine in St. Louis. During the phone call, Collins was told by Goodwin that he could not pick Collins up at the

1. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

airport, because "you don't understand and as usual, you not listening to me. Okay, you are not listening me. There is a reason for me saying that, okay."

At trial, Collins attempted to introduce the taped phone conversation as evidence that he was unaware of the cocaine in the suitcase. The trial court sustained an objection by the government that the evidence was inadmissible hearsay.

At the end of trial, the court overruled Collins' objection to a jury instruction on the standard of reasonable doubt. The court instructed the jury, in part:

> It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly. Putting it in another way, a reasonable doubt means a doubt based on reason and not the mere possibility of innocence.

Instruction No. 4.

## II.  DISCUSSION

### A.  Sufficiency of Evidence

■ While Collins does not dispute that he was in fact carrying over a kilogram of cocaine when apprehended, he challenges the sufficiency of the evidence showing that he *knew* that he was in possession of the cocaine, an essential element of the crime. *See* 21 U.S.C. § 841(a)(1) (1988). The standard for reviewing sufficiency of evidence to support a jury finding of guilt is to:

> examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. We reverse only if we conclude that a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements.

*United States v. Wint,* 974 F.2d 961, 968 (8th Cir.1992) (quoting *United States v. Ivey,* 915 F.2d 380, 383 (8th Cir.1990)), *cert. denied,* — U.S. —, 113 S.Ct. 1001, 122 L.Ed.2d 151 (1993).

■ In this case, there is an overwhelming sufficiency of evidence showing Collins' knowledge of the cocaine. He was paid to fly between two cities and to carry two pieces of luggage. He acted nervously in the St. Louis airport, and he lied to the DEA when questioned about his activities. In his post-arrest statement, Collins stated that he only carried the cocaine and that Melvin Henderson put the cocaine in his bag on both trips. It is reasonable to infer from this evidence that Collins knew that he was a courier of cocaine and that because of this he was anxious regarding DEA scrutiny. Certainly we cannot say that a reasonable fact-finder must have found a reasonable doubt as to Collins' knowledge. *Id.*

### B.  Hearsay

■ Collins next challenges the trial court's refusal to admit the taped phone conversation over the government's objection that it was inadmissible hearsay. We will reverse the trial court's determination of the admissibility of evidence only upon abuse of discretion. *United States v. Hazelett,* 32 F.3d 1313, 1316 (8th Cir.1994).

■ Collins does not challenge that the taped conversation was hearsay, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Rather, Collins argues that the evidence falls squarely within the residual hearsay exception of Rule 804(b)(5). For this exception to apply, the declarant must be unavailable to testify at trial, there must be circumstantial guarantees of trustworthiness equivalent to those found in the first four exceptions in Rule 804(b), the hearsay must be offered as evidence of a material fact, and the hearsay must be more probative on the point for which it is offered than any other evidence that the proponent reasonably can procure. Finally, it must serve the interests of justice and the purposes of the federal rules to admit the hearsay into evidence. Fed. R.Evid. 804(b)(5). This rule applies only in

"rare and exceptional circumstances." *Stokes v. City of Omaha,* 23 F.3d 1362, 1366 (8th Cir.1994).

Collins has failed to satisfy the requirements of Rule 804(b)(5). He has not explained why the declarant Goodwin, who was under subpoena, did not testify at trial. Collins presents no circumstantial guarantees of the taped statements' trustworthiness. Finally, the statements made in the taped conversation are vague and easily susceptible to multiple interpretations, and Collins has failed to show that they are the most probative evidence reasonably available to him.

### C. Jury Instructions

■ Collins' claim that the trial court erred in instructing the jury on the standard for proof beyond a reasonable doubt is completely without merit. Collins "is not entitled to the instruction of his choice if a proper presumption of innocence instruction is given. The law only requires the court to properly convey the concepts of reasonable doubt and presumption of innocence to the jury." *United States v. Wilkerson,* 691 F.2d 425, 428 (8th Cir.1982). This Court has repeatedly upheld the instructions given the jury in this case, *see, e.g., United States v. Harris,* 974 F.2d 84, 85 (8th Cir.1992) (citing cases), and we discern no error in the trial court's instructions.

### D. Sentencing Guidelines

The minimum statutory term of imprisonment for a violation of 21 U.S.C. § 841(a)(1) (1988) is five years, while the maximum term is forty years. 21 U.S.C.A. § 841(b)(1)(B)

**2.** Section 3553(f) provides:
Notwithstanding any other provision of law ... the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—
(1) the defendant does not have more than 1 criminal history point....
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon ... in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;

(West Supp.1995). Pursuant to the sentencing guidelines, Collins' offense level of 26 and criminal history category of I results in an imprisonment range of 63 to 78 months. Collins nevertheless asserts that the trial court erred in sentencing him to sixty-three months incarceration.

■ Although he does not fully develop his argument, Collins apparently urges this Court to incorporate the standards of 18 U.S.C.A. § 3553(f) (West Supp.1995),[2] which authorizes a court to impose a sentence within the sentencing guidelines range without regard to any statutory mandatory minimum sentence, into 18 U.S.C.A. § 3553(b) (West Supp.1995), which allows a downward departure from the sentencing guidelines range under exceptional circumstances. Collins' argument seems to be that so long as the requirements of § 3553(f) are met, a court is not only permitted, but required to deviate downward both from any statutory minimum sentence and the sentencing range provided by the sentencing guidelines, without regard to the separate requirements found in § 3553(b).

Collins offers no legal authority to bolster this argument beyond the statute itself. The language of § 3553(f), however, specifically provides that the reduced sentence be within the range provided by the sentencing guidelines, and it only authorizes a downward departure from the *statutory* mandatory minimum sentence. *See, e.g., United States v. Polanco,* 53 F.3d 893, 898 (8th Cir.1995), *petition for cert. filed,* No. 95–5022 (U.S. June 29, 1995); *United States v. Hart,* 876

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense ... and was not engaged in a continuing criminal enterprise....
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense....
Because we hold that Collins cannot rely on § 3553(f) to argue for a downward departure from the sentencing guidelines, we do not consider whether Collins has met the requirements set forth in the statute.

**988**

F.Supp. 4, 5 (D.D.C.1995). Collins' argument that § 3553(f) itself authorizes a departure from the sentencing guidelines contradicts the language of the statute and is without merit. Collins cannot rely on § 3553(f) to argue for a downward departure from the sentencing guidelines.

## III. CONCLUSION

For the reasons stated above, we affirm the judgment of the district court.