68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
David Russell HARTLAND, Appellant.
 No. 95-1983.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 10, 1995.
Filed: Oct. 6, 1995.
 
 Before FAGG, LOKEN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Russell Hartland appeals his 110-month sentence imposed by the district court[1] after he pleaded guilty to aiding and abetting the theft of firearms from a federally licensed dealer, in violation of 18 U.S.C. Secs. 922(u) and 2. We affirm.
 
 
 2
 According to the presentence report (PSR), Hartland and four others burglarized a sporting goods store. The PSR indicated a base offense level of 24 under U.S.S.G. Sec. 2K2.1(a)(2), because Hartland had at least two prior felony convictions for crimes of violence (one felony second-degree assault and one 1989 attempted burglary of a dwelling); a four-level increase because the offense involved between 13 and 24 firearms; and a three-level reduction for acceptance of responsibility. Hartland's total offense level of 25 and his criminal history category of VI resulted in a Guidelines sentencing range of 110 to 137 months imprisonment with a statutory maximum sentence of 120 months.
 
 
 3
 Hartland objected to the PSR, arguing, inter alia, that his 1989 attempted burglary did not amount to a crime of violence because the Minnesota state statute under which he was charged refers to burglary of a "building" rather than a "dwelling." The probation officer responded that the structure Hartland and his accomplice attempted to burglarize was a dwelling and the victims arrived home during the attempted burglary.
 
 
 4
 The court denied Hartland's objection, concluding that Hartland's 1989 attempted residential burglary was a crime of violence, and sentenced him to 110 months imprisonment and three years supervised release.
 
 
 5
 On appeal, Hartland renews the challenge he made below, arguing the district court erred in going beyond the statutory elements of his 1989 attempted burglary conviction and finding that it was a burglary of a dwelling. He also argues the district court erred in finding that "attempting" to commit a crime of violence constitutes such an offense.
 
 
 6
 The commentary to section 2K2.1 states that "crime of violence" is defined in U.S.S.G. Sec. 4B1.2(1), which provides:
 
 
 7
 The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that-
 
 
 8
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 
 
 9
 (ii) is burglary of a dwelling, arson, or extortion, involves the use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 10
 The accompanying commentary further provides that "[u]nder this section, the conduct of which the defendant was convicted is the focus of inquiry." Section 4B1.2, comment. (n.2). We believe Hartland's state burglary conviction was a crime of violence under section 4B1.2(1)(ii) because it was in fact the burglary of a dwelling and it involved conduct presenting a serious potential risk of physical injury to another. See United States v. Ghent, 29 F.3d 416, 418 (8th Cir.1994).
 
 
 11
 The commentary to section 4B1.2 also extends the term "crime of violence" to include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. Section 4B1.2, comment. (n.1). We have recently concluded that this commentary "is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority." United States v. Mendoza-Figueroa, No. 93-2867, slip op. at 7 (8th Cir. Sept. 7, 1995) (en banc). We thus reject Hartland's argument that the district court erred in finding that "attempting" to commit a crime of violence constitutes such an offense.
 
 
 12
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota