_____

No. 95-1940
_____

United States of America,         *
                                       *
        Appellee,         *
                                       *   Appeal from the United States
    v.                      *   District Court for the
                                       *   Eastern District of Missouri.
Ricky Hazelett,             *
                                       *
        Appellant.       *


_____

Submitted:  November 16, 1995

Filed:  April 4, 1996
_____

Before FAGG, Circuit Judge,  HENLEY, Senior Circuit Judge, and LOKEN,
    Circuit Judge.

_____

HENLEY, Senior Circuit Judge.


This is the second appeal by Ricky Hazelett after his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  In United States v. Hazelett, 32 F.3d 1313 (8th Cir. 1994), we reversed Hazelett's first conviction because the trial court had admitted into evidence the out of court statement of a confederate which we concluded was not sufficiently against penal interest to fall within the exception to the prohibition on hearsay testimony.  In the 1994 opinion, we rejected two other arguments advanced by Hazelett: (1) that admission of evidence of other crimes was an abuse of discretion and (2) that it was error to sentence him as a career offender when one of the included predicate offenses was a conviction obtained when Hazelett was a juvenile.

On remand at a new trial, Hazelett was again convicted by the

jury of possession of cocaine with intent to distribute and was sentenced by the district court[1] to 322 months imprisonment. Hazelett raises four claims on this appeal: (1) the evidence was insufficient as a matter of law to support the conviction; (2) the trial court erred in admitting evidence of prior convictions; (3) the trial court erred in sentencing Hazelett as a career offender; and (4) the trial court erred by enhancing his sentence for a supervisory role in the offense. We find no merit in any of Hazelett's present contentions and affirm the judgment and sentence of the district court.

**Background**

The facts surrounding Hazelett's arrest and conviction are set out in full in our earlier opinion, United States v. Hazelett, 32 F.3d 1313 (8th Cir. 1994), and we include here only a brief summary of those facts most directly related to Hazelett's contentions on this appeal.

In January 1993, a DEA agent working a routine drug interdiction detail at a Springfield, Missouri, bus station arrested Theresa King for possession of two kilograms of cocaine. King agreed to cooperate and stated that she was carrying the drugs from Los Angeles to St. Louis for a man named "Ricky." She later identified Ricky Hazelett as "Ricky." The DEA arranged for Ms. King to make a controlled delivery of the cocaine at a St. Louis bus station.

When she arrived in St. Louis, Ms. King called a contact telephone number given to her by Ricky. Twenty minutes later a car driven by Hazelett with two female passengers pulled up in front of the bus station. The female passengers went inside, spoke with Ms. King, and returned to the car accompanied by Ms. King. The two

---

[1]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

women got into the car and Ms. King placed her luggage containing the cocaine into the car.

At that point, several officers carrying weapons and showing their badges approached the car. Upon seeing the officers, Hazelett immediately drove off at a high rate of speed leaving Ms. King standing on the sidewalk. A chase ensued which ultimately ended in Hazelett crashing the car in an alley. He attempted to escape on foot but was apprehended and placed under arrest.

**Sufficiency of the Evidence**

Hazelett's defense theory at trial was that he did not know Theresa King, was not at the bus station to pick her up, and only drove off abruptly because he saw men with guns and was frightened. He contends on appeal that the prosecution's case was insufficient as a matter of law because on the evidence no jury could have found beyond a reasonable doubt that he had knowingly or intentionally possessed cocaine with intent to distribute.

Hazelett bases this claim principally on the fact that Theresa King did not testify at his trial and therefore did not connect him directly to the initial transfer of the cocaine to King in Los Angeles. He contends that the events at the St. Louis bus station were ambiguous in meaning and did not show that he intended to possess cocaine. Hazelett attempts to bolster this argument by citing out of context some language from our earlier opinion. We explain briefly why we believe Hazelett's argument lacks merit and is without support in our decision on his first appeal.

At the first trial, Theresa King was not present to testify against Hazelett because she had returned to Los Angeles and could not be located. The trial court, however, admitted into evidence hearsay statements King had made to DEA officers while in custody on the theory that King was an unavailable witness who had made the statements against penal interest. We reversed, holding that

-3-

because

> King's statements implicating Hazelett were not sufficiently against her interest, they were not admissible under Rule 804(b)(3). . . .
>
> [W]e do not believe the error was harmless, for King's statements were the only evidence that Hazelett originally gave the cocaine to her. Had they not been admitted, the jury may well have concluded that Hazelett had no knowledge of the drugs. Moreover, in such circumstances the jury might very well have accepted Hazelett's explanations for his presence in St. Louis, his arrival at the bus station, and his attempt to flee. Therefore, we cannot say that admission of King's statements did not substantially influence the jury's verdict.

32 F.3d at 1319.

By the time of the second trial, King had been located and was physically available to testify but she refused to testify even though she had been granted immunity. At the second trial, moreover, King's hearsay statements implicating Hazelett were not admitted into evidence. The jury nonetheless found, based primarily on the testimony of police and DEA agents, that Hazelett had knowingly possessed the cocaine with intent to distribute.

Hazelett contends that absent King's testimony regarding her receipt of the cocaine from him in Los Angeles and his instructions to her to deliver it to St. Louis there was insufficient evidence to prove that he knowingly or intentionally possessed the cocaine. While we agree that King's testimony was the most damning evidence against him, we do not agree that absent that testimony there was insufficient evidence to convict. The jury was free to credit the DEA agents' testimony that King's actions fit the characteristics of a drug courier. The jury was also free to infer from the testimony describing the actions of both Hazelett and King in St.

Louis that the delivery of the cocaine to Hazelett's car was pursuant to a predetermined plan rather than merely a mistake as Hazelett contended. Thus, we believe there was sufficient evidence from which the jury could have found that every element of the offense had been proved beyond a reasonable doubt. See <u>United States v. Collins</u>, 66 F.3d 984, 986 (8th Cir. 1995).

Nothing in our earlier opinion is to the contrary. We said with regard to the admission of King's hearsay statements: "we do not believe the error was harmless, for King's statements were the only evidence that Hazelett originally gave the cocaine to her." King attempts to twist this language to mean that absent King's statements there was insufficient evidence to convict him. We did not say that and it is not true. To say that absent certain inadmissible evidence the jury might have reached a different result is not at all the same thing as saying that without that evidence no jury could lawfully convict.

We have reviewed the record and find the evidence sufficient to support the jury's verdict.

## Admissibility of Evidence of Prior Conviction

In order to establish Hazelett's state of mind with respect to possession of the cocaine, the prosecution introduced evidence at both trials that Hazelett had been previously arrested and convicted of possession of cocaine in Tacoma, Washington. In our earlier opinion, we concluded that the admission of such evidence was not an abuse of discretion under Rule 404(b). 32 F.3d at 1319.

Hazelett has repeated on this appeal his objections to the admission of that evidence, but we find nothing materially new in his arguments. The only new contention Hazelett raises is that our earlier opinion erroneously stated that the Tacoma conviction involved seven <u>ounces</u> of cocaine, when the evidence actually showed that the conviction was for possession of seven <u>grams</u> of cocaine.

We regret any confusion caused by that editorial error, but conclude that the error in no way changes our analysis of the evidentiary issue.

As we stated, the evidence of the prior offense was relevant to establish the defendant's state of mind, which was at issue during the trial.  Moreover, we cannot find that the trial court's conclusion that the probative value of such evidence outweighed its possible prejudicial effect was clearly erroneous.

## Sentencing as a Career Offender

Hazelett also repeats his argument that it was an abuse of discretion for the trial judge to sentence him as a career offender.  One of the predicate offenses used to establish Hazelett's  career offender status was a California conviction for possession of PCP when he was a juvenile. Although Hazelett was only 17 at the time of the offense, he was tried and sentenced as an adult, as California law permitted.  However, Hazelett now contends that the conviction was defective because no hearing was held to determine whether he was fit to be tried as an adult, which he says California law required.

As we have previously held, a defendant may not use a proceeding for sentencing as a career offender to launch a collateral attack on a previous conviction.  United States v. Ghent, 29 F. 3d 416, 417 (8th Cir. 1994). As we said in the 1994 opinion, the fact that Hazelett was tried and sentenced as an adult is "dispositive" for present purposes.  32 F.3d at 1320.  If Hazelett believes he has a valid challenge under California law to his conviction there, he should assert that claim before the California courts.

## Sentence Enhancement for Managerial Role in Offense

Pursuant to United States Sentencing Guideline 3B1.1(c), the presentence report recommended that Hazelett should receive a two

point sentence enhancement for his managerial role in the offense. Hazelett objected to this recommendation on grounds that without testimony from King there was no evidence in the record that he had managed or supervised anyone. The district court overruled Hazelett's objection and imposed the enhancement.

We have previously held that a sentence enhancement may not rest on the recommendation of a presentence report alone, because the presentence report is not itself evidence. See, e.g., United States v. Moore, 977 F.2d 1227, 1228 (8th Cir. 1992). We have also stated that if a defendant raises an objection to an element of a presentence report, the district court must take evidence on that issue. See, e.g., United States v. Wise, 976 F.2d 393, 404-405 (8th Cir. 1992), cert. denied, 507 U.S. 989 (1993). However, the district court's finding that a defendant was a manager or supervisor will not be overturned unless it is clearly erroneous. United States v. Anderson, 928 F.2d 243, 245 (8th Cir. 1991).

Here, Hazelett contends that the sentence enhancement for his managerial role is in error because it rests solely on either the presentence report or on statements of Theresa King which were not in evidence at the second trial. We do not agree. There was substantial testimony in the second trial from the police and DEA agents regarding the actions of both King and Hazelett which the officers observed. There was also testimony regarding the typical role of drug couriers like Ms. King in illegal drug distribution. We believe that this was sufficient evidence from which the district court could conclude that Hazelett's role in the enterprise included the supervision of at least one person, Ms. King. Accordingly, we find that the sentence enhancement was not clearly erroneous.

For the reasons stated above, the judgment of the district court is in all respects affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.