**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roseann Marie PRATT, Defendant–Appellant.**

No. 94–4318.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 5, 1995.

Decided June 27, 1996.

Roger S. Bamberger, Asst. U.S. Attorney (argued and briefed), Cleveland, OH, for Plaintiff-Appellee.

Donald Krosin (argued and briefed), Cleveland, OH, for Defendant-Appellant.

Before: MERRITT, Chief Judge, and WELLFORD and DAUGHTREY, Circuit Judges.

MERRITT, Chief Judge.

The sole issue raised in this appeal is whether the District Court properly interpreted and applied the "safety-valve" provision, 18 U.S.C. § 3553(f), when sentencing the Defendant. The statute requires the sentencing court to disregard the statutory minimum sentence in certain cases and to sentence the defendant pursuant to the applicable Sentencing Guidelines instead. The safety-valve provision was applied to Defendant and she was sentenced pursuant to the guidelines. Defendant appeals her sentence, arguing that Section 3553(f) creates a new mandatory minimum sentence of 24 months and that the District Court did not recognize its discretion to sentence all defendants that qualify for application of the statute to as little as 24 months regardless of the sentence called for by the applicable guideline range. Because we find that the District Court properly interpreted and applied Section 3553(f) and recognized its discretion to depart downward if the circumstances warranted departure, we affirm the sentence as imposed.

Defendant and Appellant here, Roseann Marie Pratt, pled guilty to one count of violating 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine. The statutory minimum sentence for the offense to which Defendant pled guilty is five years. 18 U.S.C. § 841. The parties agreed, however, that Defendant was eligible for sentencing pursuant to 18 U.S.C. § 3553(f), Limitation on Applicability of Statutory Minimum in Certain Cases, otherwise known as the "safety-valve" provision. Defendant and the Government entered into a plea agreement that provided a base offense level of 30 because Defendant was arrested with four kilograms of cocaine in her luggage. U.S.S.G § 2D1.1. Defendant requested a reduction of three levels for acceptance of responsibility, *Id.* § 3E1.1, and a reduction of two levels as a minor participant in the offense. *Id.* § 3B1.2. The resulting total offense level was 25. Combined with a Criminal History Category of I, the applicable sentencing range under the guidelines is 57 to 71 months. Neither party disputes the calculations used to arrive at the applicable sentencing range.

The District Court found that Defendant satisfied the criteria for sentencing under the safety-valve provision and granted Defendant's request for a downward adjustment in her sentence for her acceptance of responsibility and her minor role. Accordingly, Defendant received a sentence of 57 months, the lowest end of the applicable sentencing range for her offense and criminal history category, instead of the statutory minimum of 60 months. Defendant's sole argument on appeal is that the District Court did not recognize its discretion to sentence her to as little as 24 months based on the language in Section 3553(f).

In September 1994, Congress enacted the Violent Crime Control and Law Enforcement Act, a provision of which allows defendants convicted of certain crimes carrying mandatory minimum sentences to avoid those mandatory minimum sentences and be sentenced within the applicable guideline range if they meet the criteria set out in the statute.[1] The purpose of the statute is to

---

1. The statute requires that the district court ap-  ply the applicable guideline sentence rather than

allow less culpable defendants in drug-related crimes who fully assist the government to avoid the application of the mandatory minimum sentence. The statute states in relevant part:

**(f) Limitation on applicability of statutory minimums in certain cases.** Notwithstanding any other provision of law, in the case of an offense under [the drug laws], *the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission ...* without regard to any statutory minimum sentence....

18 U.S.C. § 3553(f) (emphasis added). To implement the statute, the Sentencing Commission adopted a new guideline that codifies the language of the statute verbatim. The guideline states in relevant part:

*the court shall impose a sentence in accordance with the applicable guidelines* without regard to any statutory minimum sentence....

U.S.S.G. § 5C1.2 (emphasis added).

■ Defendant relies on the following language from Section 80001(b) of the Violent Crime Control and Law Enforcement Act, codified at 28 U.S.C. § 994, to support her argument:

In the case of a defendant for whom the statutorily required minimum sentence is 5 years, such guidelines and amendments to guidelines ... shall call for a guideline range in which the lowest term of imprisonment is at least 24 months.

The phrase "lowest term of imprisonment is at least 24 months" establishes a floor below which the Sentencing Commission cannot lower the sentencing range. *See, United States v. Idowu,* 74 F.3d 387, 397 n. 11 (2d Cir.1996) (court determined that it could not sentence defendant below the minimum term available in defendant's applicable guideline range unless there existed a basis independent from § 3553(f) for departure), *cert. denied,* —— U.S. ——, 116 S.Ct. 1888, 135 L.Ed.2d 182 (1996).

The plain language of the statute and the guideline is unambiguous and supports the interpretation given by the District Court in this case. Neither 18 U.S.C. § 3553(f) nor U.S.S.G. § 5C1.2 contains language that could be interpreted to authorize a downward departure from the guideline sentencing range without an independent basis for the departure. The guidelines do provide for certain upward and downward departures, based on certain factors not argued by Defendant here, to be exercised in the discretion of the district court. *See, e.g.,* § 5K2.0. No case was cited nor found, however, where the district court indicated that it believed it had the discretion to sentence a defendant *outside* the applicable guideline range *based on the language in the safety-valve provision.* To the contrary, the case law uniformly supports the interpretation given by the District Court here. *See, e.g., United States v. Collins,* 66 F.3d 984, 987 (8th Cir.1995) ("The language of § 3553(f) ... specifically provides that the reduced sentence be within the range provided by the sentencing guidelines, and it only authorizes a downward departure from the statutory mandatory

the statutory minimum if the defendant meets the following five criteria:

1. The defendant does not have more than one criminal history point, as determined under the sentencing guidelines;

2. The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3. The offense did not result in death or serious bodily injury to any person;

4. The defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

5. Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with the requirement.

18 U.S.C. § 3553(f). There is no dispute that Defendant in this case meets these criteria and is entitled to application of the safety-valve provision in sentencing.

minimum sentence.... [Defendant] cannot rely on § 3553(f) to argue for a downward departure from the sentencing guidelines.").

The sentence imposed here, 57 months, is below the 5–year statutory mandatory minimum specified in 21 U.S.C. § 841(b)(1)(B). That sentence was arrived at through adjustments to the applicable sentencing range requested by Defendant for acceptance of responsibility and her minor role in the offense and granted within the discretion of the district court. Defendant's sentence was calculated solely on the applicable sentencing range without regard to the statutory minimum as required by § 3553(f). The District Court correctly used the guidelines to arrive at an applicable range, to which Defendant agreed, and then sentenced Defendant at the low end of that range. Contrary to Defendant's argument, the language of § 3553(f) does not provide an independent basis for further departure.

In sum, Defendant's argument that the language in Section 3553(f) alone, without more, authorizes a departure from the sentencing guidelines is not supported by the plain language of the statute and is without merit. Defendant may not rely on Section 3553(f) to argue for a downward departure from the sentencing guidelines. Because the District Court sentenced Defendant within the applicable guideline range as directed by the statute, the sentence imposed by the District Court is affirmed.