_____

No. 95-3389MN
_____

United States of America,    *
                             *
            Appellee,        *
                             *
     v.                      *
                             *
Aaron John Moog,             *
                             *
            Appellant.       *

_____

No. 95-3417MN
_____

United States of America,    *
                             *
            Appellee,        *    Appeals from the United States
                             *    District Court for the District
     v.                      *    of Minnesota.
                             *
Duane Dorvan Gilleshammer,    *    [UNPUBLISHED]
                             *
            Appellant.       *

_____

No. 95-4184MN
_____

United States of America,    *
                             *
            Appellee,        *
                             *
     v.                      *
                             *
James Dillon Smith,          *
                             *
            Appellant.       *
                        _____

              Submitted:  July 23, 1996

               Filed:  August 2, 1996
                        _____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Aaron John Moog, Duane Dorvan Gilleshammer, and James Dillon Smith appeal from the guidelines sentences imposed by the district court following their guilty pleas to drug charges.  We affirm.

## I.   Aaron John Moog

Moog pleaded guilty to distributing cocaine.  Moog admitted distributing three kilograms of cocaine, and stipulated he was accountable under U.S.S.G. § 1B1.3 for five to fifteen kilograms of cocaine.  Moog argues the district court should have granted him a four-level minimal-participant decrease under U.S.S.G. § 3B1.2, rather than a three-level decrease, because he was among the least culpable of those involved in the criminal activity at issue.  We conclude the district court did not clearly err in denying Moog a four-level decrease.  See United States v. Rice, 49 F.3d 378, 383 (8th Cir.) (standard of review), cert. denied, 115 S. Ct. 2630 (1995).  Even assuming Moog acted as a drug courier on only one occasion, he was involved with a significant amount of cocaine.  United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir. 1990) (per curiam).

## II.   Duane Dorvan Gilleshammer

Gilleshammer pleaded guilty to possessing cocaine with intent to distribute.  Gilleshammer contends he is eligible for relief under U.S.S.G. § 5C1.2, which requires a district court to sentence a defendant within the applicable guidelines range regardless of any statutory minimum sentence if the court finds the defendant meets all of the conditions listed in § 5C1.2(1)-(5).  To establish his eligibility, Gilleshammer must not have more than one criminal

history point "as determined under the sentencing guidelines."  <u>Id.</u>
§ 5C1.2(1).

Gilleshammer was assigned two criminal history points under U.S.S.G.
§ 4A1.1 in his presentence report.  Finding that the resulting Category II
criminal history overstated the seriousness of Gilleshammer's past criminal
conduct or the likelihood of his committing other crimes, the district
court departed downward under U.S.S.G. § 4A1.3 and calculated
Gilleshammer's guidelines range based on a Category I criminal history.
The resulting sentencing range of 46 to 57 months, however, was subject to
a statuary mandatory minimum sentence of 60 months.  <u>See</u> U.S.S.G.
§ 5G1.1(b) (where statutory minimum sentence exceeds the guidelines range,
statutory minimum sentence becomes guidelines sentence).  At sentencing,
the district court refused to apply § 5C1.2 to sentence Gilleshammer within
the 46-to-57 month range.

Reviewing de novo, we agree with the district court that Gilleshammer
is not entitled to relief under § 5C1.2.  <u>See</u> <u>United States v. Polanco</u>, 53
F.3d 893, 895 (8th Cir. 1995) (standard of review), <u>cert. denied</u>, 116 S.
Ct. 2554 (1996).  As the commentary to § 5C1.2 explains, more than one
criminal history point, as determined under the sentencing guidelines
"means more than one criminal history point as determined under § 4A1.1."
U.S.S.G. § 5C1.2 n.1.  The district court's decision to treat Gilleshammer
as a Category I offender under § 4A1.3 does not change the fact that
Gilleshammer had two criminal history points under § 4A1.1.  <u>See</u> <u>United</u>
<u>States v. Resto</u>, 74 F.3d 22, 28 (2d Cir. 1996) (rejecting argument that
defendant who had more than one criminal history point qualified for
§ 5C1.2 relief on ground that district court departed under § 4A1.3 and
treated defendant as if he had only one criminal history point); <u>United</u>
<u>States v. Valencia-Andrade</u>, 72 F.3d 770, 773-74 (9th Cir. 1995) (same).

**III. James Dillon Smith**

Before pleading guilty to aiding and abetting the distribution of cocaine, Smith moved to dismiss the indictment on double jeopardy grounds. Smith contended an earlier administrative forfeiture of his property under 21 U.S.C. §§ 881(a)(4) and (a)(6) was punishment and barred his prosecution. The district court denied the motion. Smith's double jeopardy argument is foreclosed by the contrary holdings of the United States Supreme Court and this court. See United States v. Ursery, No. 95-345, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996) (a civil forfeiture under § 881(a)(6) is not punishment for double jeopardy purposes); United States v. One 1970 36.9' Columbia Sailing Boat, No. 95-3158, 1996 WL 403038, at *3 (8th Cir. July 19, 1996) (same under § 881(a)(4)).

Smith raises two other issues. First, Smith--who received a two-level aggravating-role enhancement under U.S.S.G. § 3B1.1(c)--contends the district court improperly failed to grant his request for disclosure of any relevant portions of his codefendants' presentence reports. Smith contends the information would support his theory that the government had inconsistently applied the same evidence to assign differing role levels among the codefendants. Smith contends this inconsistent application created an illegal sentencing disparity. The sentencing court rather than the government, however, was responsible for the sentencing adjustments made in each case, and Smith cannot rely on his codefendants' sentences as a yardstick for his own. See United States v. Granados, 962 F.2d 767, 774 (8th Cir. 1992). To the extent Smith is challenging the aggravating-role enhancement, we conclude the district court did not clearly err in assessing the enhancement, because the evidence showed Smith supervised at least one other person. See United States v. Hazelett, 80 F.3d 280, 284 (8th Cir. 1996).

Finally, Smith challenges the district court's refusal to depart downward under U.S.S.G. § 5K2.0. Smith contends he was entitled to a departure because his guilty plea influenced other defendants to plead guilty, and because of the alleged disparity between his and his codefendants' sentences. Because we conclude the district court was clearly aware of its authority to depart and chose not to do so, we may not review this claim. See <u>United States v. Jenkins</u>, 78 F.3d 1283, 1290-91 (8th Cir. 1996).

We thus affirm the sentences imposed by the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.