_____

No. 95-4190
_____

United States of America,           *
                                     *
           Appellee,                 *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   Eastern District of Arkansas.
Peter Makras,                        *          [UNPUBLISHED]
                                     *
           Appellant.                *
                          _____

          Submitted: September 3, 1996

             Filed: September 23, 1996
                          _____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
                          _____

PER CURIAM.


     Peter Makras appeals the sentence the district court imposed after
he pleaded guilty to conspiring to possess methamphetamine with intent to
distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  We vacate
Makras's sentence and remand for resentencing.


     Makras's plea agreement contained a provision committing the
government to recommend that Makras receive a sentence of eight years, or
twenty-four months less than the applicable Guidelines sentence, whichever
was lower.  At sentencing, the district court determined that the
Guidelines range was 87 to 108 months, subject to a mandatory minimum
sentence of 120 months.  The government, however, conceded that Makras
qualified for a sentence below the mandatory-minimum and within the
Guidelines range, under U.S.S.G. § 5C1.2 (permitting court to sentence
within Guidelines range without regard to statutory minimum), and moved for
a downward departure under U.S.S.G. § 5K1.1 (substantial assistance).  In
compliance with the plea agreement, the government recommended a

sentence of eight years or twenty-four months less than the sentence the court intended to impose within the Guidelines range.

The district court granted the government's motion, stated, "[a]t this point, we're at a guideline range of 87 to 108 months," and sentenced Makras to 87 months imprisonment. The court said,

> I was giving [Makras] every benefit of the doubt including the 24 months. I was seriously considering giving him halfway in between and then reducing it the 24 months, but it came out about the same thing.
>
> So that's the way, so the record is clear, I arrived at -- I decided to get him the benefit of -- in other words, I gave him about 48 months, if my calculations are correct, off of what I would normally do. I usually give, just a rule of thumb, in the middle of the guideline range.

Makras moved for reconsideration, contending that he did not receive the benefit of the plea agreement, and that he should have received a 63-month sentence. The district court denied his motion, and Makras appeals.

Implicit in the sentence imposed is that the district court sentenced Makras below the mandatory minimum pursuant to section 5C1.2. Absent the government's substantial-assistance motion, the district court then would have imposed a sentence within the Guidelines range. See United States v. Collins, 66 F.3d 984, 987-88 (8th Cir. 1995) (per curiam) (§ 5C1.2 does not permit court to depart below applicable Guidelines range); United States v. Stockdall, 45 F.3d 1257, 1259 (8th Cir. 1995) (court may not grant substantial-assistance departure absent government motion). Our review of the record convinces us that the court indicated a willingness and intent to effect the government's recommendation--to impose a sentence below the Guidelines range--when it expressed its understanding of the plea agreement at the plea hearing and

granted the government's section 5K1.1 motion at sentencing. By imposing a sentence within the Guidelines range, however, the court, by definition, did not depart. See U.S.S.G. § 5K1.1 ("Upon motion . . . the court may depart from the guidelines.") (emphasis added). Thus, the court's statements appear inconsistent with the court's intention. Cf. United States v. Harris, 70 F.3d 1001, 1002-03 (8th Cir. 1995) (once court accepted plea agreement, parties had "reasonable expectation" that court would sentence within appropriate Guidelines range). We therefore vacate Makras's sentence and remand for resentencing consistent with this opinion and the plea agreement.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.