_____

No. 96-3347
_____

United States of America,    *
                             *
          Appellee,          *
                             *
     v.                      *   Appeal from the United States
                             *   District Court for the
Bryant Craig Jennings, also  *   District of Minnesota.
known as Bryant Craig Johnson, *
also known as Ricky Larry    *      [UNPUBLISHED]
Jefferson,  *
                             *
          Appellant.         *


_____

          Submitted: January 29, 1997

            Filed: March 6, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Bryant Craig Jennings appeals the 192-month sentence imposed by the
district court[1] after he pleaded guilty to conspiring to distribute cocaine
and cocaine base, in violation of 21 U.S.C. § 846 (1994).  Jennings
challenges the two-level role-in-the-offense enhancement of his sentence
under U.S. Sentencing Guidelines Manual § 3B1.1(c) (1995).


     We conclude the district court did not clearly err in determining the
role-in-the-offense enhancement was appropriate.  See United States v.
Pena, 67 F.3d 153, 157 (8th Cir. 1995) (standard of review).  During the
evidentiary hearing on the role

_____

     [1]The Honorable Paul A. Magnuson, Chief Judge, United States
District Court for the District of Minnesota.

in-the-offense enhancement, the government introduced recorded conversations between Jennings, codefendant Philfield Goodar, and a confidential informant which indicate Jennings controlled and priced the drugs he sold to the informant.  In addition, ATF Special Agent Catherine Kaminski, whom the district court found credible, testified that Goodar acted as a narcotics courier for Jennings.  See United States Sentencing Commission, Guidelines Manual, § 3B1.1(c), comment. (n.2) (Nov. 1995) (to receive two-level enhancement defendant need only have organized, supervised, led, or managed one other participant); United States v. Hazelett, 80 F.3d 280, 284 (8th Cir.) (so long as sufficient evidence supports district court's conclusion that defendant controlled at least one person, two-level enhancement not clearly erroneous), cert denied, 117 S. Ct. 409 (1996); see also United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (sentencing guidelines case; district court's credibility findings are virtually unreviewable on appeal).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.