107 F.3d 876
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Bryant Craig JENNINGS, also known as Bryant Craig Johnson,
also known as Ricky Larry Jefferson, Appellant.
 No. 96-3347.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 29, 1997.
Filed March 6, 1997.
 
 Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bryant Craig Jennings appeals the 192-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (1994). Jennings challenges the two-level role-in-the-offense enhancement of his sentence under U.S. Sentencing Guidelines Manual § 3B1.1(c) (1995).
 
 
 2
 We conclude the district court did not clearly err in determining the role-in-the-offense enhancement was appropriate. See United States v. Pena, 67 F.3d 153, 157 (8th Cir.1995) (standard of review). During the evidentiary hearing on the role in-the-offense enhancement, the government introduced recorded conversations between Jennings, codefendant Philfield Goodar, and a confidential informant which indicate Jennings controlled and priced the drugs he sold to the informant. In addition, ATF Special Agent Catherine Kaminski, whom the district court found credible, testified that Goodar acted as a narcotics courier for Jennings. See United States Sentencing Commission, Guidelines Manual, § 3B1.1(c), comment. (n.2) (Nov.1995) (to receive two-level enhancement defendant need only have organized, supervised, led, or managed one other participant); United States v. Hazelett, 80 F.3d 280, 284 (8th Cir.) (so long as sufficient evidence supports district court's conclusion that defendant controlled at least one person, two-level enhancement not clearly erroneous), cert denied, 117 S.Ct. 409 (1996); see also United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir.1993) (sentencing guidelines case; district court's credibility findings are virtually unreviewable on appeal).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota