# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3689

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Holona Corrine Romero, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 10, 2003

Filed: March 17, 2003

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Holona Corrine Romero was a passenger in a car stopped for a traffic violation. In a search of the car, police found three stolen shotguns. The driver pleaded guilty to possessing stolen firearms. At Romero's trial on the same charge, the driver testified against her. Romero also testified and admitted that she, not the driver, had the connections to the others involved with the stolen guns, she had put one of the guns in the car, and she had told a police officer she knew there was "something wrong" with the guns. A jury found Romero guilty.

Romero appeals asserting the district court[*] abused its discretion in excluding certain testimony. Specifically, Romero asserts she should have been permitted to cross-examine the driver about his uncharged thefts of items from parked cars when he was a juvenile. Romero contends the evidence was admissible under Federal Rule of Evidence 608(b), which gives the court discretion to allow impeachment of a witness by cross-examination about specific instances of conduct not resulting in conviction if the conduct relates to the witness's character for truthfulness or untruthfulness. We conclude any error in excluding the evidence was harmless. The jury already knew the driver had been convicted of possessing stolen firearms and used illegal drugs, and was testifying as a cooperating witness to obtain a reduced sentence under his plea agreement. And, given Romero's own admissions, the case against her was strong.

Romero also contends a hearsay statement by Romero's cousin, Ben Young, to Romero's uncle was admissible under the residual hearsay exception, formerly Federal Rule of Evidence 804(b)(5), now renumbered Rule 807. In an offer of proof, Romero's uncle stated Young told him Romero didn't know what was going on with the guns. The district court did not abuse its discretion in declining to admit the statement under Rule 807 because the statement did not have the necessary circumstantial guarantees of trustworthiness. United States v. Collins, 66 F.3d 984, 986-87 (8th Cir. 1995) (per curiam).

We thus affirm Romero's conviction.

---

[*]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.