**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY HAZELETT, aka Rickey
Hazelett,

        Petitioner-Appellant,

v.

R. A. HOOD, Warden,

        Respondent-Appellee.

No. 03-1379

(D. Colorado)

(D.C. No. 03-Z-900)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.[**]

    Ricky Hazelett appeals the district court's denial of his pro se 28 U.S.C. §

2241 petition challenging the execution of his sentence. Mr. Hazelett, a federal

prisoner currently in the custody of the United States Penitentiary, Administrative

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant Mr. Hazelett's request for a decision on the briefs without oral argument. See FED. R. APP. P. 34(F); 10TH CIR. R. 34.1 (G). The case is therefore submitted without oral argument.

Maximum, at Florence Colorado, contends that the United States District Court for the Eastern District of Missouri erred in sentencing him as a career offender because the court relied in part on a California state court conviction for a drug offense. Mr. Hazelett maintains that the California conviction is invalid because he was a juvenile at the time of the offense, and the California court did not conduct a hearing to determine whether he should be certified as an adult.

The district court concluded that "Mr. Hazelett may not challenge his fully expired California conviction even though that conviction allegedly was used to enhance his current federal sentence." Rec. doc. 4, at 2-3 (Order and Judgment of Dismissal, filed June 20, 2003). The court relied on <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 403-04 (2001) ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.").

Upon review of the record and the applicable law, we conclude that a § 2241 petition is not the proper means to raise the claim alleged by Mr. Hazelett here. "A petition [filed] under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). On

the other hand, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Id. (citations omitted). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Id. A defendant may file a petition under § 2241 only if he shows that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence. Id.

Here, Mr. Hazelett challenges the validity of the sentence imposed by the United States District Court for the Eastern District of Missouri. Thus, he must assert that claim in a § 2255 petition in that court, not in a § 2241 petition in the district in which he is confined. Moreover, Mr. Hazelett has not established that § 2255 is "inadequate or ineffective," id., in these circumstances.[1]

Accordingly, because the district court did not have jurisdiction to consider Mr. Hazlett's challenge to his sentence, we VACATE the judgment of the district

---

[1] In Mr. Hazelett's direct appeal, the Eighth Circuit has already rejected Mr. Hazelett's challenge to the California conviction. See United States v. Hazelett, 80 F.3d 280, 283 (8th Cir. 1996) ("[A] defendant may not use a proceeding for sentencing as a career offender to launch a collateral attack on a previous conviction. . . . If Hazelett believes he has a valid challenge under California law to his conviction there, he should assert that claim before the California courts.") (citations omitted). The effect of that ruling on a § 2255 petition filed in the proper court is a matter we need not decide here. However, the fact that Mr. Hazelett may not be able to obtain relief through a § 2255 motion does not render such a motion "inadequate or ineffective." See Bradshaw, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.") (internal quotation marks omitted).

court, and REMAND this case to that court with directions to dismiss Mr. Hazelett's petition without prejudice to his reasserting it in the proper forum. However, we note that a § 2255 motion filed in the district that sentenced Mr. Hazelett may now be untimely, see 28 U.S.C.§ 2244 (establishing, with certain exceptions, a one-year limitations period for § 2255 motions), and that the fact that Mr. Hazelett has challenged the California conviction in his direct appeal may preclude a further challenge now. See United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam) ("Appellant cannot raise the same issues in a § 2255 petition that have been decided on direct appeal.").

Entered for the Court,


Robert H. Henry
Circuit Judge