# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3216

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| James Poggemiller, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 11, 2004
Filed: July 13, 2004

_____

Before WOLLMAN, HANSEN, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

James Poggemiller was convicted of possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A), and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 168 months imprisonment. At issue in this appeal is whether the district court properly denied

_____

[1] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Poggemiller's motion to suppress, concluding a search of his vehicle was permissible under the U.S. Constitution's Fourth Amendment, and his motion to quash, upholding the subsequent search of his residence. We affirm.

I

On June 18, 2002, Deputy Charles Thompson of the Des Moines County Sheriff's office was seeking the appellant on an arrest warrant for armed assault. Deputy Thompson was parked close to Poggemiller's residence and spotted what he believed to be his red Pontiac Bonneville leaving. The officer followed the car and when he caught up to it found the same parked in the middle of a rural road. At this point, Poggemiller and another man were standing outside the car. Poggemiller was standing approximately ten feet from the vehicle and the other man was approximately five additional feet away. The deputy took both men into custody.

Deputy Thompson proceeded to search and inventory the vehicle. During his search, he noticed an armrest in the middle of the back seat. He folded down this armrest revealing a plastic trap door. The deputy described this trap door as being bigger than a breadbox and as "a factory-designed device, I believe to allow things longer than the trunk to get passed into the back seat like a fishing pole or something." He indicated this was a location which could have been accessed by Poggemiller from the passenger compartment.

When the deputy opened the trap door, he saw just past its threshold "a plastic baggie with what looked and smelled like a brick of marijuana." He then pulled out the baggie of marijuana and retrieved his flashlight so as "to look further inside the trap door." When he looked inside with his flashlight, he "saw two more baggies with approximately one pound bricks of marijuana in each and a nylon shoulder holster with what appeared to be a .45 pistol inside." At that point, he contacted the narcotics task force, which completed the search of the vehicle.

Poggemiller filed a motion to suppress evidence. Following an evidentiary hearing, the district court denied the motion. The court also denied his motion to quash the search warrant.

Following a trial, the jury returned guilty verdicts on all counts, and Poggemiller was sentenced to a total of 168 months. This appeal followed.

II

In reviewing a defendant's challenge to the denial of a motion to suppress, this court examines the factual findings underlying the district court's denial of the motion for clear error and reviews de novo the ultimate question of whether the Fourth Amendment has been violated. United States v. Gillon, 348 F.3d 755, 758-59 (8th Cir. 2003); United States v. Walsh, 299 F.3d 729, 730 (8th Cir. 2002).

Poggemiller contends the search of the car was not valid because he had exited the car prior to Deputy Thompson's arrival at the scene, and therefore he was not an "occupant" within the meaning of New York v. Belton, 453 U.S. 454 (1981). Under Belton, when a police officer makes a lawful custodial arrest of an automobile's occupant, the Fourth Amendment allows the officer to search the vehicle passenger compartment as a contemporaneous incident of arrest. Id. at 460. We reject Poggemiller's argument because it has been squarely foreclosed by the Supreme Court's recent decision in Thornton v. United States, 124 S. Ct. 2127 (S. Ct. 2004).

In Thornton, the Supreme Court held when a police officer has made a lawful custodial arrest of an occupant of an automobile, the Fourth Amendment allows the officer to search the passenger compartment of that vehicle as a contemporaneous incident of arrest, even when an officer does not make contact until the person arrested has left the vehicle. Id. at 2129; see also United States v. Snook, 88 F.3d

605, 608 (8th Cir. 1996) (holding the fact defendant had just stepped out of his vehicle as the officer arrived did not alter defendant's status as an "occupant" of the vehicle).

In this case, Poggemiller does not dispute Deputy Thompson made a lawful custodial arrest of him and that he had occupied the vehicle prior to the deputy's arrival. Thus, under Thornton, Deputy Thompson did not violate his Fourth Amendment rights by searching the passenger compartment of the vehicle as a contemporaneous incident of the arrest even though the deputy did not make contact with him until he had left the vehicle.

Under Belton, when police search a passenger compartment incident to arrest, they "may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach." Belton, 435 U.S. at 460. Such containers may be searched whether they are open or closed. Id. at 461. Although Belton made clear that "container" did not include the trunk, it did specify "'[c]ontainer' here denotes any object capable of holding another object. . . [and] thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment . . ." Id. at 461 n.4.

We conclude the search incident to arrest permissibly extended to the trap door compartment, since it was accessible to Poggemiller and therefore within Belton's rule that all areas "within reach" of an occupant of the passenger compartment are subject to search. See United States v. Thompson, 906 F.2d 1292, 1298 (8th Cir. 1990) (stating passenger compartment is interpreted broadly by most courts and generally includes whatever area is within a passenger's reach). See also United States v. Caldwell, 97 F.3d 1063, 1067 (8th Cir. 1996) (concluding "police could lawfully search the passenger compartment of the car, including the hatchback portion of the car"); United States v. Olguin-Rivera, 168 F.3d 1203, 1205 (10th Cir.

-4-

1999) ("passenger compartment [included any area] generally reachable without exiting the vehicle, without regard to the likelihood in a particular case that such a reaching was possible") (quotation omitted); United States v. Veras, 51 F.3d 1365, 1372 (7th Cir. 1995) (holding secret compartment built into back seat was lawfully searched incident to arrest because it was within reach of occupants of vehicle).

Poggemiller also contends the district court erred in denying his motion to quash the search warrant for his residence which was obtained based in part on the items found during the search of the vehicle. He does not raise an independent challenge to the validity of this warrant; rather he contends the evidence seized during the search of his home should be suppressed as being fruit of the poisonous tree. Because we conclude there has been no Fourth Amendment violation, then it follows the district court properly denied Poggemillers' "motion to quash."

III

We affirm the judgment and conviction in all respects.

_____