# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2308
_____

United States of America,     *
                     *
          Appellee,     *
                     *
      v.                  *
                     *
Teodoro Orozco-Castillo,     *
                     *
          Appellant.     *
                     *

_____

No. 04-2393           Appeals from the United States
_____         District Court for the Western
                           District of Missouri.

United States of America,     *
                     *
          Appellee,     *
                     *
      v.                  *
                     *
Carlos Alaniz-Montano,     *
                     *
          Appellant.     *

_____

Submitted: January 10, 2005
Filed: April 22, 2005

_____

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Teodoro Orozco-Castillo and Carlos Alaniz-Montano were each charged with one count of conspiring to distribute 50 grams or more of methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and one count of aiding and abetting the possession of 50 grams or more of methamphetamine with the intent to distribute it, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 2. After a jury convicted Messrs. Orozco-Castillo and Alaniz-Montano on both counts, the district court[1] sentenced each of them to concurrent sentences of 240 months in prison and 10-year terms of supervised release on each count and ordered them each to pay a $200 special assessment. On appeal, Mr. Alaniz-Montano maintains that the district court erred in failing to suppress physical evidence and statements that he asserts were the product of an unlawful search and seizure. Mr. Orozco-Castillo contends that his sentence was based on an unconstitutional application of the United States Sentencing Guidelines.

Late one evening, Officer Gideon Cody of the Kansas City Police Department observed a vehicle traveling at a high rate of speed that failed to stop at two stop signs. He followed the vehicle and observed that there were two people in it; one, later identified as Mr. Alaniz-Montano, was driving, and the other, later identified as Mr. Orozco-Castillo, was in the front passenger's seat. Officer Cody observed Mr. Orozco-Castillo's shoulders drop as if he were reaching for something on the floor. Based on the way that Mr. Alaniz-Montano was driving, Officer Cody believed

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

that he was a flight risk. He called for assistance and refrained from activating his emergency lights or siren.

When Mr. Alaniz-Montano parked and exited his vehicle, Officer Cody immediately ordered him to stop and placed him under arrest for careless driving. Mr. Orozco-Castillo remained in the vehicle but refused to identify himself. As a result, he too was arrested because his failure to provide the requested information required him to post a bond on the traffic ticket that he was issued for failing to wear a seatbelt. Because Mr. Alaniz-Montano had failed to provide proof of insurance and Officer Cody felt that his vehicle would be susceptible to theft if it remained where it was parked, he decided to have it towed. Officer Cody conducted an inventory search of the vehicle before the towing. He did not have consent from Mr. Alaniz-Montano nor did he obtain a warrant before the search. While searching the vehicle, Officer Cody discovered methamphetamine under the front passenger's seat.

I.

Although his arguments are not entirely clear, it appears that Mr. Alaniz-Montano is contending that the district court erred in refusing to suppress physical evidence and statements that he asserts were the product of an unlawful search and seizure. We hold that both Mr. Alaniz-Montano's arrest and the subsequent search of his vehicle comported with the requirements of the fourth amendment.

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see also* Mo. Ann. Stat. § 479.110. We conclude that Officer Cody had probable cause to believe that Mr. Alaniz-Montano committed a crime in his presence. Officer Cody believed that Mr. Alaniz-Montano was exceeding the posted speed limit and observed him failing to stop at stop signs. Speeding and failure to obey a stop sign are both violations of Missouri law. *See* Mo. Ann. Stat. §§ 304.010,

300.270 (2004). Under *New York v. Belton*, 453 U.S. 454, 460 (1981), moreover, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *See also Knowles v. Iowa*, 525 U.S. 113, 117-18 (1998). The fact that Mr. Alaniz-Montano had stepped out of the vehicle just before Officer Cody arrived does not alter his status as an occupant of the vehicle. *United States v. Poggemiller*, 375 F.3d 686, 687 (8th Cir. 2004), *cert. denied*, 125 S. Ct. 1614 (2005). Therefore the search was properly conducted incident to Mr. Alaniz-Montano's arrest.

## II.

Mr. Orozco-Castillo's only argument on appeal is that his sentence violated the sixth amendment. *See United States v. Booker*, 125 S. Ct. 738 (2005). This argument is meritless. The jury found that he conspired to distribute and possessed with intent to distribute at least 50 grams of methamphetamine. When coupled with his prior conviction for a felony drug offense, this finding itself required the imposition of a minimum sentence of 240 months in prison and ten years of supervised release. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, 851. The sentencing guidelines are simply out of this case.

Affirmed.

_____