United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-10667

United States of America,

Plaintiff-Appellee,

versus

Troy Dean Palmer,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before GARZA, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Troy Dean Palmer appeals the district court's ruling on a motion to suppress. For the following reasons, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2003, Palmer, driving along with a companion, parked a truck in a residential driveway. Palmer was being followed by Officer Keller, a Grapevine police officer, who had run Palmer's registration and discovered several outstanding traffic warrants. Upon seeing Palmer and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his companion exit, Officer Keller made contact and requested their licenses. After running Palmer's license, Officer Keller discovered several more outstanding traffic warrants. Palmer requested that the officer not make an arrest as he was cooperating with an ongoing, unrelated FBI investigation. Officer Keller contacted the FBI, which also requested that an arrest not be made. Officer Keller's supervisor, however, insisted on arresting Palmer.

Approximately twenty-four minutes passed while Officer Keller completed Palmer's arrest. During that time, Palmer was in the general area of the parked truck and Officer Keller. After arresting Palmer, placing him in the back of the patrol car, and obtaining the car keys from Palmer's companion, Officer Keller searched the truck, discovering a .38 caliber Smith & Wesson handgun, a small amount (24.1 grams) of methamphetamine and other drug paraphernalia.

Palmer is an ex-felon and was charged with being a felon in possession of a firearm and for being in possession of a firearm with an altered serial number. After the district court denied his motion to suppress, Palmer agreed to plead guilty to being a felon in possession of a firearm but reserved the right to appeal the denial of the motion to suppress. *See*, *e.g.*, 18 U.S.C. § 922(g) (1); 18 U.S.C. § 924 (a) (2). Palmer now appeals and we affirm.

## II. STANDARD OF REVIEW

When reviewing a motion to suppress, this court views all evidence in the light most favorable to the prevailing party. *United States v. Howard*, 106 F.3d 70, 73 (5th Cir. 1997). Factual findings are reviewed for clear error, and questions of law are reviewed de novo. *Id*.

## III. DISCUSSION

Palmer alleges that the search of the truck was unreasonable under the Fourth Amendment. We affirm the district court. Our decision is guided by *Thornton v. United States*, 541 U.S. 615

2

(2004), which held that the legality of searches incident to a lawful arrest do not rest on whether an officer makes contact with a person inside or outside of a vehicle. *Thornton* extended the holding in *New York v. Belton*, 453 U.S. 454 (1981), a case establishing the constitutionality of searches incident to a lawful arrest, to cover such situations where "recent occupants" of vehicles are arrested.

The majority in *Thornton* does not precisely define the term "recent occupants" other than to remark that "the arrest of a suspect who is next to a vehicle presents identical concerns regarding officer safety and the destruction of evidence as the arrest of one who is inside the vehicle." *Thornton,* 453 U.S. at 621. Thus, the opinion appears to provide officers broad discretion to search any and all areas within reach of a person who is arrested.

The *Thornton* holding does not go any further than that, simply stating that it is constitutional for officers to search vehicles following the arrest of a "recent occupant of a vehicle such as petitioner was here." *Id*. at 624. In *Thornton*, the officer began following a car, ran its registration and discovered that it did not match. Soon thereafter, the defendant parked the car and exited. The officer approached and questioned the defendant. After a pat down search, the officer discovered narcotics, leading to a lawful arrest. Following the arrest and after placing the defendant in the patrol car, the officer searched the vehicle, finding a .9 millimeter handgun. The situation in *Thornton* is analogous to the one here. After a lawful arrest and after placing Palmer in the patrol car, Officer Keller conducted a constitutional search incident to the arrest. The twenty-four minutes that passed between the time the officer approached Palmer and the time he made the arrest was not sufficient to remove Palmer from being characterized as a "recent occupant."

The majority opinion in *Thornton* chose not to reach the major issue raised in the concurring opinions, which is whether *Belton* should be limited to situations where it is "reasonable to believe

3

evidence relevant to the crime of arrest might be found in the vehicle . . . ." *Id.* at 624. Likewise, we decline to decide that issue as the concurring opinions ultimately joined the majority holding in *Thornton*, which would uphold the constitutionality of Officer Keller's search of Palmer's vehicle.

Under *Thornton*, two of our sister circuits have also upheld "recent occupant" searches resting on facts similar to those involved here. *See*, *e.g.*, *United States v. Herndon*, 393 F.3d 665 (6th Cir. 2005) (vacated on other grounds); *United States v. Poggemiller*, 375 F.3d 686 (8th Cir. 2004).

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of the motion to suppress. AFFIRMED.