HLD-156   (April 2011)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1199
_____

TEODORO OROZCO-CASTILLO,
                                        Appellant
v.

UNITED STATES OF AMERICA; DONNA ZICKEFOOSE,
WARDEN FCI FORT DIX, N.J.
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 11-cv-00141)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2011
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judge

(Opinion filed June 3, 2011)
_____

OPINION
_____

PER CURIAM.

        Teodoro Orozco-Castillo, a federal prisoner currently incarcerated at FCI-

Fort Dix, appeals an order of the United States District Court for the District of New

Jersey dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241.  We will affirm.

In February 2004, Orozco-Castillo was convicted by a federal jury in the Western District of Missouri of conspiracy to distribute 50 grams or more of methamphetamine, and aiding and abetting the possession of 50 grams or more of methamphetamine with the intent to distribute it. The court imposed an aggregate term of 240 months imprisonment in a Judgment and Commitment entered on May 17, 2004. See United States v. Orozco-Castillo, W.D. Mo. Crim. No. 03-cr-0344-W-FJG-2. The Eighth Circuit Court of Appeals affirmed the judgment of conviction and sentence on appeal. See United States v. Orozco-Castillo, 404 F.3d 1101 (8th Cir. 2005). In April 2006, Orozco-Castillo filed a motion pursuant to 28 U.S.C. § 2255, focusing on the drug quantity determination set forth in the Presentence Investigation Report ("PSR"). In an Order entered on June 28, 2006, the District Court concluded that the Eighth Circuit Court of Appeals had addressed Orozco-Castillo's drug quantity claim on direct appeal, and thus his reliance on the drug quantity determination in the PSR as justification for re-sentencing at a lower base level was without merit. See United States v. Orozco-Castillo, W.D. Mo. Civ. No. 06-cv-0324-W-FJG. Orozco-Castillo did not seek appellate review.

Nearly four and one-half years later, Orozco-Castillo sought relief in the form of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. In that petition, Orozco-Castillo claimed that his criminal conviction "lacked sufficient and convincing evidence" and, therefore, he is actually innocent of the crimes of which he was convicted. See

2

Section 2241 Pet. at 1. Having concluded that an insufficiency of the evidence claim is within the scope of claims cognizable under 28 U.S.C. § 2255, and that Orozco-Castillo's remedy under § 2255 was not inadequate or ineffective under the standards set forth in such cases as Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002), and Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam), the District Court dismissed his petition for lack of jurisdiction. This timely appeal followed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. For essentially the same reasons set forth by the District Court, we will summarily affirm the order of dismissal.

As the District Court properly concluded, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle, 290 F.3d at 538. Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because Orozco-Castillo is unable to meet the

---

[1] Orozco-Castillo filed a timely motion for reconsideration, which was denied by the District Court in a Memorandum Opinion and Order entered on February 25, 2011. However, Orozco-Castillo did not file an amended notice of appeal. Accordingly, the District Court's decision with respect to his reconsideration motion is not within the scope of this appeal.

3

stringent gatekeeping requirements for filing a second or successive § 2255 motion under

the Antiterrorism and Effective Death Penalty Act of 1996. Okereke, 307 F.3d at 120-21;

see also Cradle, 290 F.3d at 539.

The "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal because of an intervening change in the law.  See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).  Such is not the case here.  Orozco-Castillo had the opportunity to challenge his convictions and, indeed, did so.  In addition to the challenges raised on direct appeal, Orozco-Castillo presented claims in his § 2255 motion filed in the Western District of Missouri.

Moreover, Orozco-Castillo's allegation that he is actually innocent of the crimes for which he was convicted is nothing more than an insufficiency of the evidence claim.  He does not argue the existence of new evidence tending to prove his innocence nor of an intervening change in the law, and he concedes as much.  See Mot. for Recons. at 1 ("Petitioner's claim of actual innocence is not based on newly discovered evidence nor a new rule of constitutional law, rather it is based on insufficient evidence.").  Orozco-Castillo certainly had the opportunity to challenge his convictions on the basis of insufficient evidence on direct appeal and in his § 2255 motion.  We agree with the District Court that the exception identified in In re Dorsainvil is simply inapplicable in this case, and Orozco-Castillo may not evade the gatekeeping requirements of § 2255 by seeking relief under § 2241.

Because the § 2241 petition was properly dismissed, no substantial question is presented by this appeal. Accordingly, the District Court's order of dismissal will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6.