# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1761

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Plaintiff - Appellee,　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　*　District Court for the Northern
　　　　　　　　　　　　　　　　　*　District of Iowa
　　　　　　　　　　　　　　　　　*
Kirk L. Grummitt,　　　　　　　　*　　　[PUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　Defendant - Appellant.　　　*

_____

Submitted: November 15, 2004
Filed: December 3, 2004

_____

Before MURPHY, HANSEN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Defendant-Appellant Kirk L. Grummitt pled guilty to one count of conspiring to manufacture methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe the pseudoephedrine would be used to manufacture

methamphetamine. 21 U.S.C. § 846. The district court[1] sentenced him to 262 months imprisonment. The court also imposed an eight-year term of supervised release and a special assessment of $100. Grummitt appeals the district court's classification of his prior conviction for third-degree burglary as a crime of violence for purposes of imposing a sentence. We affirm.

On June 26, 2003, Grummitt and two others were indicted for conspiring to manufacture methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe the pseudoephedrine would be used to manufacture methamphetamine. Grummitt was also charged with possessing methamphetamine and possessing pseudoephedrine knowing or having reasonable cause to believe the pseudoephedrine would be used to manufacture methamphetamine. On September 4, 2003, Grummitt pled guilty to the conspiracy charge pursuant to a plea agreement with the U.S. Attorney's Office.

On February 24, 2004, the U.S. Probation Office submitted a Draft Presentence Investigation Report. In the report, the Probation Office set a Total Offense Level of 34 and a Criminal History Category of VI, resulting in a sentencing range of 262 to 327 months. This calculation was based, in part, on the Probation Office's determination that Grummitt is a career offender because two of his prior felony convictions were crimes of violence.[2] The qualifying convictions were a 1997 amphetamine conviction, a 1997 conviction for third-degree burglary of a machine shed in Butler County, Iowa, and a 1998 conviction for third-degree burglary of a residence in Black Hawk County, Iowa. At the time of the burglary, the Black Hawk residence had been temporarily vacated when the owner was admitted to a nursing

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

[2]This determination raised his base level from a 26 to a 37, with a three level reduction for acceptance of responsibility.

home. The residence was being cared for by the owner's niece, who regularly checked the property. The niece discovered the burglary during one of her visits to the property.

The district court sentenced Grummitt on March 24, 2004. The only contested issue at sentencing was Grummitt's status as a career offender. Grummitt stipulated that: 1) he was at least 18 years old at the time he committed the instant offence; 2) the instant offense was a controlled substance offense; and 3) his 1997 amphetamine conviction was a predicate offense under U.S.S.G. § 4B1.1. Since a career offender determination relating to the other burglary conviction was unnecessary, per the United States' request, the district court only considered the Black Hawk County burglary for sentencing purposes.

Grummitt asserted that the Black Hawk County burglary was not a crime of violence because the residence did not constitute a dwelling under U.S.S.G. § 4B1.2(a). The district court rejected this argument and found the residence to be a dwelling. The district court concluded that the burglary was a crime of violence and sentenced Grummitt to 262 months imprisonment. The court also imposed an eight-year term of supervised release and a special assessment of $100.

We review the district court's factual findings for clear error and its application of the sentencing guidelines de novo. United States v. Sun Bear, 307 F.3d 747, 750 (8th Cir. 2002), cert. denied, 539 U.S. 916 (2003).

At issue in this case is whether a structure must be occupied to constitute a dwelling under the Sentencing Guidelines. A burglary of a dwelling constitutes a crime of violence. U.S.S.G. § 4B1.2(a)(2). This Court has found that "[i]n classifying burglary of a dwelling as a crime of violence, the Guidelines do not distinguish between dwellings that are occupied versus those that are unoccupied; thus, burglary of a dwelling is a crime of violence regardless of whether there was

-3-

anyone present in the dwelling during the burglary." United States v. Wright, 340 F.3d 724, 735 (8th Cir. 2003). See also United States v. Ghent, 29 F.3d 416, 417 (8th Cir. 1994) ("To the extent that [defendant] alleges that the unoccupied residence was not a dwelling, we reject this argument."). Vacancy alone is not sufficient to alter the status of a dwelling unless it in some manner alters the character of the residence. See United States v. Jackson, 22F.3d 583, 585 (5th Cir. 1994). No such transformation occurred in this case.

Even if the Black Hawk County residence lost its status as a dwelling and was being used merely to store furniture and other personal property, Grummitt's third-degree burglary is still a crime of violence. Under the career offender guideline, crimes of violence include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). The Black Hawk County burglary presented this type of potential risk of physical injury.

We have consistently held that burglary is a predicate offense under U.S.S.G. § 4B1.2. See United States v. Mohr, 382 F.3d 857, 860-61 (8th Cir. 2003) (holding under U.S.S.G. § 4B1.2 that burglary is a crime of violence for purposes of the career offender provision); United States v. Blahowski, 324 F.3d 592, 594-95 (8th Cir. 2003), cert. denied, --- U.S. ---, 124 S.Ct. 356 (2003) (holding that burglary is a crime of violence under U.S.S.G. § 4B1.2, and stating that second-degree burglary poses a "serious potential risk of physical injury"); United States v. Sun Bear, 307 F.3d at 752 (holding that burglary of commercial property is a crime of violence under U.S.S.G. § 4B1.2); United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir. 2002), cert. denied, 537 U.S. 862 (2002); United States v. Nation, 243 F.3d 467, 471 n.1 (8th Cir. 2001); United States v. Stevens,

149 F.3d 747, 749 (8th Cir. 1998) (burglary of commercial property is a crime of violence under U.S.S.G. § 4B1.2).

Therefore the district court did not err in classifying Grummitt's burglary conviction as a violent felony for purposes of computing his sentence.

The judgment of the district court is affirmed.

_____