# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1992

———————

United States of America,       *
                                      *

         Appellee,         *

                                        *    Appeal from the United States
      v.                           *    District Court for the
                                        *    Eastern District of Arkansas.

Marlin Lynn Brown,         *

                                         *         [PUBLISHED]
         Appellant.         *

———————

Submitted: May 6, 2005
Filed: May 24, 2005

———————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Following a trial, a jury convicted Marlin Lynn Brown (Brown) of (1) robbing a bank and assaulting and putting in jeopardy the life of another by using a dangerous weapon, in violation of 18 U.S.C. § 2113(a), (d) (Count 1); (2) knowingly brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count 3). The district court[1] sentenced Brown to concurrent prison terms of 262 months on Count 1 and 120 months on

———————

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Count 3; a consecutive prison term of 84 months on Count 2; concurrent supervised release terms of 5 years on Counts 1 and 3, and 3 years on Count 2; and victim restitution totaling $3848. Brown appeals his convictions and the sentences imposed. We affirm.

For reversal, Brown (1) challenges the district court's denial of his motion to suppress evidence seized during a warrantless search of the residence of Brenda Lewis (Lewis); (2) argues the trial evidence was insufficient to support his convictions; (3) contends his trial counsel provided ineffective assistance; and (4) raises sentencing issues.

We agree with the district court that Brown did not have standing to challenge the search of Lewis's residence. There was no evidence Brown had a reasonable expectation of privacy in Lewis's residence, because he was not present during the search, did not live at the residence, and did not have a key to the residence. See United States v. Mendoza, 281 F.3d 712, 715 (8th Cir. 2002) (factors to examine in determining reasonable expectation of privacy include whether individual had possessory interest, whether individual could exclude others, and whether individual had a key); United States v. Miner, 108 F.3d 967, 969 (8th Cir. 1997) (holding defendant could not contest seizure of drug-filled sock from home of his drug-dealing partner, as defendant had no legitimate expectation of privacy in home).

As to his convictions, Brown contends the government failed to prove he was the bank robber. Viewing the evidence in the light most favorable to the jury's verdict, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict, United States v. Cook, 356 F.3d 913, 917 (8th Cir. 2004), we conclude sufficient evidence supports the conviction, see United States v. Dabney, 367 F.3d 1040, 1042 (8th Cir. 2004) (noting "[w]e will reverse only if no reasonable jury could have found [defendant] guilty"). Specifically, the jury could have reasonably concluded Brown was the individual who robbed Eagle Bank based on the

-2-

following evidence: (1) officers testified a tracking signal from a device that the bank teller placed with the money in the robber's white plastic bag led them to a man present in Lewis's neighborhood who then entered Lewis's house; (2) two witnesses in Lewis's house that afternoon testified Brown entered Lewis's residence, he appeared to be "moving pretty fast" and was out of breath, and he entered the back bedroom of the house and then left; (3) a firearm matching the description of that used during the robbery, and clothing similar to what the robber had worn, were found in the back bedroom; and (4) a fingerprint with an eleven-point match to Brown's right thumb print was found on the plastic bag containing the stolen money and tracking device. The jury was entitled to disbelieve witness testimony that may have been inconsistent with a finding that Brown was the robber, see United States v. Cole, 380 F.3d 422, 425 (8th Cir. 2004) ("It is the task of the jury to evaluate the credibility of witnesses."), and eyewitness identification is not required to support a conviction, see United States v. Crenshaw, 359 F.3d 977, 993 (8th Cir. 2004) (holding "[t]here is no requirement of eyewitness identification to support a conviction" and further noting "it was for the jury to choose between the witnesses or to reconcile their stories").

Brown's claims that his counsel was constitutionally ineffective in various ways should be deferred to post-conviction proceedings, in which an appropriate record may be developed. See Cook, 356 F.3d at 919-20.

Finally, we find no error in the calculation or imposition of Brown's sentence. First, the district court's determination that Brown had two qualifying crimes of violence, which made him subject to the career-offender Guideline, see U.S.S.G. § 4B1.1, did not implicate Brown's constitutional rights under United States v. Booker, 125 S. Ct. 738, 756 (2005) (reaffirming that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). See

United States v. Marcussen, 403 F.3d 982 (8th Cir. 2005) (rejecting "the argument that the nature of prior conviction is to be treated differently from the fact of a prior conviction"; once the sentencing court determines a prior conviction exists, it is a legal question whether a conviction meets the "crime of violence" definition of U.S.S.G. § 4B1.2). In addition, the district court correctly determined that the prior burglary convictions were crimes of violence. See U.S.S.G. § 4B1.2 (a)(2) (for purpose of career-offender Guideline, "crime of violence" means, inter alia, "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling"); United States v. Grummitt, 390 F.3d 569, 571 (8th Cir. 2004) (per curiam) (holding burglary of dwelling, even if temporarily unoccupied, constitutes a crime of violence). Moreover, we note the district court properly considered these offenses to be separate because, even though Brown was convicted of them on the same date, there was an intervening arrest. See U.S.S.G. §§ 4B1.2(c)(2) ("two prior felony convictions" means, in part, sentences for at least two qualifying convictions are counted separately in computing criminal history); 4A1.2(a)(2) (prior sentences imposed in unrelated cases are counted separately); 4A1.2 cmt. n.3 ("Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).")). Because classification as a career offender automatically results in a criminal history classification of Category VI, see U.S.S.G. § 4B1.1(b), we will not consider whether errors were made in calculating Brown's criminal history points. See United States v. Darden, 70 F.3d 1507, 1548-49 n.17 (8th Cir. 1995) (declining to review argument which would not affect sentence).

Accordingly, we affirm the judgment of the district court. We deny Brown's motion to amend or to supplement.

_____