# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3654

_____

United States of America,        *
                              *

           Appellee,       *

                            *   Appeal from the United States
     v.                     *   District Court for the
                            *   Eastern District of Arkansas.

Marlin Lynn Brown,        *

                            *     [UNPUBLISHED]
          Appellant.     *

_____

Submitted: June 15, 2006
Filed: June 16, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Marlin Lynn Brown appeals the district court[1] order denying his resentencing motion. For the reasons that follow, we affirm.

Brown was sentenced in March 2004 to 346 months in prison, the bottom of the applicable Sentencing Guidelines range, after a jury found him guilty of armed bank robbery, brandishing a firearm, and being a felon in possession of a firearm. We affirmed on direct appeal. See United States v. Brown, 408 F.3d 1049, 1050-52 (8th

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Cir. 2005) (per curiam) (rejecting challenges to suppression ruling and sufficiency of evidence, deferring ineffective-assistance claims, and rejecting sentencing challenges related to Brown's prior convictions). In June 2005, Brown filed this "petition for resentencing based on judicial error," asserting he was denied an opportunity to speak on his own behalf at his sentencing hearing. See Fed. R. Crim. P. 32(i)(4)(A)(ii).

The district court acknowledged that at the sentencing hearing, Brown was told he would have the opportunity to speak on his own behalf, but later he was not asked if he wanted to speak. Nevertheless, the court found that because Brown did not raise the allocution issue on direct appeal, his only option was to raise it collaterally, and the failure to allow allocution was not a constitutional error that could be raised by collateral attack. We agree. See Hill v. United States, 368 U.S. 424, 426-28 (1962) ("failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus," and "[i]t is an error which is neither jurisdictional nor constitutional"; sentencing court's failure to afford opportunity for allocution is neither fundamental defect which inherently results in complete miscarriage of justice, nor omission inconsistent with rudimentary demands of fair procedure).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

_____