# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1336

_____

United States of America,     *
                                  *

          Appellee,           *

                                  *    Appeal from the United States

      v.                       *    District Court for the

                                  *    Southern District of Iowa.

Brady Austin Rogers,        *

                                  *

         Appellant.          *

_____

Submitted: September 22, 2011
Filed: November 23, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

Brady Austin Rogers, after the district court[1] denied a motion to suppress evidence of a firearm discovered during a warrantless entry into a residence where he was staying, entered a conditional guilty plea to one count of possessing a stolen firearm and ammunition in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and one count of failing to register as required by the Sex Offender Registration and Notification Act (SORNA) in violation of 18 U.S.C. § 2250. The district court

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

sentenced Rogers to sixty-eight months of imprisonment. Rogers now appeals the denial of his motion to suppress. We affirm.

I

Randall Puyear, a police officer in Knoxville, Iowa, received a tip as to a man suspected of a series of thefts in the area staying with a woman named Tina Spriggs. Officer Puyear followed up on the tip by visiting Ms. Spriggs at her apartment. After arriving at the apartment, the officer asked Ms. Spriggs whether anyone else was present inside the apartment. Rogers was present and agreed to speak with the officer. Rogers and the police officer went outside to the officer's patrol car to talk.

In the patrol car, Officer Puyear asked Rogers for some basic information such as his name, driver's license, date of birth, and whether he had ever been in trouble with the law. At some point during the conversation, the officer confirmed Rogers had been staying overnight with Ms. Spriggs in her apartment. Officer Puyear told Rogers he was investigating a series of thefts in the area and asked Rogers if he could search the apartment. Rogers declined to give permission, indicating the apartment was Ms. Spriggs's. Officer Puyear returned to the apartment and asked Ms. Spriggs for permission to search the apartment. At the suppression hearing, Ms. Spriggs testified she told Officer Puyear "I'd rather they didn't" search the apartment. Suppression Hr'g Tr. at 39. Officer Puyear testified that Ms. Spriggs said "[s]he didn't know if she wanted to do that, or not." Id. at 13. The district court found Ms. Spriggs "wasn't sure whether she wanted to consent to the search or not." Addendum at 2.

While talking to Ms. Spriggs, Officer Puyear received a phone call from another officer who told him a Savage .270 caliber high power rifle with a scope had been reported stolen. Officer Puyear returned to where Rogers was waiting outside and asked if there were any weapons in the residence. Rogers said a friend had recently dropped off a rifle for him to use for hunting. Officer Puyear was suspicious

of this claim because it was April and he was unaware of any hunting seasons in Iowa that allowed the use of rifles in April. The officer asked if he could see the rifle. Rogers agreed to show the rifle to Officer Puyear and began walking toward the apartment.

Rogers walked into the apartment, past Ms. Spriggs who was standing by the front door. Officer Puyear followed Rogers into the apartment. Neither Rogers nor Ms. Spriggs objected when Officer Puyear crossed the threshold following Rogers into the apartment. Rogers retrieved the rifle from the laundry room and handed it to Officer Puyear. The officer confirmed it was the same rifle that had been reported stolen by matching the serial number on the rifle scope to the serial number reported to the police. Ms. Spriggs became upset when she discovered Rogers was keeping a loaded rifle in her apartment unbeknownst to her. She then signed a written consent form allowing Officer Puyear and other officers to search the rest of the apartment, whereupon other stolen items were discovered, including some ammunition.

Rogers was arrested later that day. An investigation into his background revealed he was a felon prohibited from possessing a firearm. The investigation also revealed Rogers was a sex offender who had traveled from Alabama to Iowa without registering with the Iowa Sex Offender Registry or notifying Alabama authorities he had moved. A federal grand jury returned an indictment charging Rogers with one count of possessing a stolen firearm and ammunition in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of failing to register as required by SORNA in violation of 18 U.S.C. § 2250.

Rogers filed a motion to suppress evidence regarding the firearm, arguing the warrantless entry into the apartment violated his Fourth Amendment rights. After an evidentiary hearing, the district court denied the motion. The district court found Rogers initially deferred consent to search the apartment to Ms. Spriggs, but then

subsequently agreed to show Officer Puyear the rifle and led the officer to its location inside the apartment. From these facts, the district court concluded the officer could have reasonably believed Rogers consented to the officer's entry into the apartment and therefore could not challenge the entry even assuming Ms. Spriggs initially denied consent. Rogers entered a conditional guilty plea to possessing a stolen firearm and violating SORNA, preserving the right to challenge the denial of his motion to suppress. After being sentenced to sixty-eight months of imprisonment, he filed this appeal.

## II

In reviewing the district court's denial of a motion to suppress evidence, we review de novo any legal determinations made by the district court, and review for clear error any underlying factual determinations. United States v. Webster, 625 F.3d 439, 442 (8th Cir. 2010).

Rogers claims he lacked authority to consent to a search of the apartment and that Officer Puyear knew he lacked authority because he told the officer he would have to ask Ms. Spriggs for permission. Rogers therefore argues the district court erred when it determined Officer Puyear could have reasonably relied upon Rogers's apparent authority to consent and erred in finding he consented to the officer's entry into the residence. A basic premise of Rogers's argument appears to be that only Ms. Spriggs could grant permission to enter the residence. We disagree with such premise. Rogers understands he must have had a legitimate expectation of privacy in the apartment to have standing to challenge the warrantless entry. See United States v. Brown, 408 F.3d 1049, 1051 (8th Cir. 2005). The government does not dispute Rogers's standing to challenge the entry and, of course, neither does Rogers. The fact that Rogers was staying with Ms. Spriggs in the apartment establishes both his standing to challenge the entry and his authority to grant consent. See United

States v. Jones, 193 F.3d 948, 950 (8th Cir. 1999) ("It is well established that an adult co-occupant of a residence may consent to a search[.]").

Furthermore, to the extent Rogers claims Ms. Spriggs denied consent, the factual predicate for such a claim is lacking. At the suppression hearing, Ms. Spriggs's testimony differed from Officer Puyear's testimony on that point. The district court resolved the conflict by determining Ms. Spriggs gave an ambiguous response to the request to enter and search the apartment, finding she "wasn't sure whether she wanted to consent to the search or not." Addendum at 2. We find no clear error in the district court's fact finding. See United States v. Granados, 596 F.3d 970, 976 (8th Cir. 2010) ("The district court's determination regarding the credibility of the two witnesses is . . . virtually unreviewable on appeal.").

Ultimately, however, it is immaterial whether Ms. Spriggs denied consent or equivocated. Even assuming Ms. Spriggs denied consent, her denial would not benefit Rogers. The Fourth Amendment protects individual rights, so Rogers may not bootstrap his alleged Fourth Amendment violation onto an alleged violation of Ms. Spriggs's constitutional rights. See, e.g., United States v. Padilla, 508 U.S. 77, 81 (1993) ("It has long been the rule that a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that *his* Fourth Amendment rights were violated by the challenged search or seizure.") (emphasis in original); see also Georgia v. Randolph, 547 U.S. 103, 106 (2006) ("[A] physically present co-occupant's stated refusal to permit entry prevails, rendering the warrantless search unreasonable and invalid *as to him*.") (emphasis added).

Thus, in the end, whether Officer Puyear's warrantless entry into the apartment was valid under the Fourth Amendment will rise or fall on whether he reasonably believed Rogers had authority to consent and consented, just as the district court concluded. See United States v. Nichols, 574 F.3d 633, 636 (8th Cir. 2009) ("A

search is justified without a warrant where officers reasonably rely on the consent of a third party who demonstrates apparent authority to authorize the search, even if the third party lacks common authority."). On those two relevant issues, we note during the course of Officer Puyear's investigation and encounter with Rogers, he learned Rogers had been staying overnight in the apartment with Ms. Spriggs. Thus, the officer could reasonably believe Rogers had the authority to consent to an entry into the apartment. As to whether Officer Puyear reasonably believed Rogers actually consented to the entry into the apartment, we note consent "can be inferred from words, gestures, or other conduct." United States v. Pena-Ponce, 588 F.3d 579, 584 (8th Cir. 2009) (quoting United States v. Guerrero, 374 F.3d 584, 588 (8th Cir. 2004)). "The determination of whether a reasonable officer would believe that [the defendant] consented is a question of fact, subject to review for clear error." Guerrero, 374 F.3d at 588. When Officer Puyear asked Rogers if he could see the rifle inside the apartment, Rogers agreed to show the rifle to the officer and did not object when the officer followed him into the apartment. Under these circumstances, the district court did not clearly err when it found a reasonable officer would believe that the defendant consented to the entry into the apartment.[2]

III

We affirm the district court's judgment of conviction.

_____

_____

[2]Having concluded the district court did not clearly err on the consent issue, we do not address the government's alternative arguments that the entry into the apartment was justified because of exigent circumstances or concerns for officer safety.