# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1232

_____

United States of America

*Plaintiff - Appellee*

v.

Brady Austin Rogers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 14, 2019
Filed: February 25, 2019
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Brady Austin Rogers violated the conditions of his supervised release, the district court[1] revoked his supervision and sentenced him to six months'

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

imprisonment, followed by three years of supervised release. Rogers appeals, arguing that the district court imposed an unreasonable sentence. We affirm.

In 2010, Rogers pleaded guilty to possessing a stolen firearm and ammunition in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) and to failing to register as a sex offender in violation of 18 U.S.C. § 2250. He was sentenced to sixty-eight months' imprisonment and five years of supervised release. See United States v. Rogers, 661 F.3d 991 (8th Cir. 2011).

After Rogers was released from prison in July 2015, he repeatedly violated the conditions of his supervised release by using marijuana. In response, the district court several times modified the conditions of his supervision, in November 2015 ordering Rogers to participate in a substance abuse program, in January 2016 ordering him to spend seventy-two hours in jail, and in March 2016 ordering him to spend a weekend in jail. The district court revoked Rogers's supervised release in April 2016, after he used marijuana and left his residence without the probation office's permission, and sentenced him to four months' imprisonment and four years of supervised release. Following his release from prison in August 2016, Rogers continued to use marijuana, resulting in additional modifications of the conditions of his supervision. The district court imposed a curfew in November 2016 and required 120 days of home confinement in June 2017.

The probation office moved to revoke Rogers's supervised release in December 2017, alleging the following violations: (1) failure to comply with drug testing, (2) failure to report as directed, and (3) failure to report a change in employment. When he was arrested, Rogers refused to provide a urine sample for drug testing. During the revocation hearing, Rogers admitted to the violations, which were classified as Grade C violations. Based on his criminal history category of IV, the sentencing range under § 7B1.4 of the U.S. Sentencing Guidelines (Guidelines) was six to twelve months' imprisonment.

-2-

We review the reasonableness of Rogers's revocation sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). Because Rogers's term of imprisonment is within the advisory Guidelines range, we may presume that it is reasonable. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Rogers argues that the district court abused its discretion when it "merely nodded in the direction of the statute but failed to accord any weight [to his] mental health issues." Appellant's Br. 19. Rogers testified at great length at the revocation hearing, stating, among other things, that he had "been diagnosed with PTSD, anxiety, and major depressive" disorders. He explained that he had taken medication for the disorders in the past, which helped him "feel a lot more level-headed and level-minded," but that he had struggled to access mental health treatment after he lost his job and no longer had insurance. He reiterated those sentiments during allocution, along with voicing his displeasure with the manner in which he had been treated by his supervising probation officer. Defense counsel asked the court to consider Rogers's mental health issues when sentencing him, stating that his "ability to function at various times has been severely compromised" and that "serious mental health treatment . . . may well abate many of the symptoms that he has."

We conclude that the district court did not commit a clear error in judgment in deciding the weight to accord Rogers's mental health issues. See Feemster, 572 F.3d at 461 ("A district court abuses its discretion when it . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment." (internal quotation marks and citation omitted)); United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) ("The [18 U.S.C.] § 3553(a) factors relevant to the imposition of a revocation sentence and which the district court must consider are set forth in § 3583(e)."); 18 U.S.C. § 3553(a) (requiring the court to consider the "history and characteristics of the defendant" and "the need for the sentence imposed to provide the defendant with . . . medical care"). Rather than "merely nodd[ing] in the

-3-

direction of the statute," the district court considered with care Rogers's mental health needs and treatment, recognized that the trauma of losing a job that he loved "undoubtedly was difficult for him to handle," and listened with patience to his frequently expressed complaints about the manner in which he had been treated by his probation officer. Having done all of these things, the court concluded that "[i]t's ultimately the defendant's responsibility to comply with the terms and conditions [of supervised release] and to utilize the resources that are afforded to him." We find no abuse of discretion in the district court's decision to sentence Rogers at the bottom of the advisory Guidelines sentencing range. See United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)).

The sentence is affirmed.[2]

_____

_____

[2]After the parties filed their briefs but before the case was submitted, Rogers completed his term of imprisonment. In light of our affirmance of the district court's decision, we need express no opinion on any latent question of mootness.