# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3092
_____

United States of America

*Plaintiff - Appellee*

v.

Jacob Paul Bermel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: September 21, 2023
Filed: December 12, 2023

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Jacob Bermel conditionally pleaded guilty to two child pornography offenses after the district court[1] denied his motion to suppress evidence found on a camera that he hid in his daughter's bathroom. Bermel appeals that denial, and we affirm.

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

# I.

Bermel and his ex-wife lived apart but shared custody of their fourteen-year-old daughter. The daughter did not keep a set visitation schedule. She was free to come and go from Bermel's house as she pleased, and she was sometimes left alone at his house. When the daughter stayed at Bermel's house, she used a particular bathroom. One day, while using the bathroom, she discovered a camera. Concerned, the daughter called her mother, reported what she had found, and asked to be picked up.

After picking up the daughter, the mother called the police and spoke with Officer Jacob Elliott of the Muscatine Police Department about what had happened. During the call, Officer Elliott learned that the daughter had found a camera affixed to a cabinet in her bathroom. The mother did not appear to believe that the camera had a memory card. During the call, Officer Elliott heard the daughter agree to speak with officers about what had happened.

Officer Elliot and another officer went to the mother's home and met with the mother and daughter. At Officer Elliot's request, the mother handed the camera to Officer Elliot and explained that they placed duct tape over the camera lens for fear that the camera might still be recording. The daughter told the officers that she found the camera on a small swivel in the bathroom that she used when she stayed at Bermel's house.

After the mother and daughter described what had happened, Officer Elliot, with the camera in hand, stated: "What's going to happen is, I'm going to take this, okay? We're going to analyze and see if there's anything on it." Neither the mother nor the daughter objected. The officers left and reviewed videos found on a memory card within the camera. The videos showed Bermel setting up the camera, as well as the daughter getting in and out of the shower.

Following further investigation, law enforcement identified Bermel as the source of depictions of child pornography uploaded to the internet. Bermel was indicted on several child-pornography offenses. *See* 18 U.S.C. § 2252. Later, Bermel filed a motion to suppress the evidence found on the camera. He argued that the warrantless seizure and subsequent warrantless search of the camera and the memory card within it violated his Fourth Amendment rights. The district court denied the motion and concluded that the seizure was justified by exigent circumstances and that the search was lawful because the daughter consented to it. Following the denial of his motion, Bermel conditionally pleaded guilty to producing and possessing child pornography, reserving the right to appeal the denial. The district court accepted Bermel's conditional guilty plea and sentenced him to 300 months' imprisonment. Bermel appeals.

## II.

On appeal, Bermel maintains that the warrantless search of the camera and its memory card violated the Fourth Amendment.[2] He makes three arguments in this regard. First, he claims that minor children, as a matter of law, cannot consent to a search of their parents' property. Second, he argues that, even if minors may possess actual or apparent authority to consent to such searches under certain circumstances, the daughter lacked such authority here. Third, he contends that the district court clearly erred in finding that the daughter consented to the search of the camera and the memory card contained within it. In our consideration of these arguments, we review the district court's factual findings for clear error and its ultimate conclusion about whether the Fourth Amendment was violated *de novo*. *United States v. Sandoval*, 74 F.4th 918, 922 (8th Cir. 2023).

---

[2]Though Bermel argued in the district court that the seizure of the camera was unlawful, he does not appeal the district court's conclusion that the seizure was justified by exigent circumstances.

Warrantless searches of a person's effects are generally prohibited under the Fourth Amendment unless an exception to the warrant requirement applies. *Horton v. California*, 496 U.S. 128, 133 (1990). One exception allows police officers to search an object without a warrant if a third party who has common authority over the object consents to the search. *See United States v. Williams*, 36 F.4th 792, 795 (8th Cir. 2022). Indicia of a third party's common authority over property are mutual use or joint access or control. *See United States v. Matlock*, 415 U.S. 164, 171 n.7 (1974). Whether or not a third party actually possessed common authority, a warrantless search is justified "when an officer reasonably relies on a third party's demonstration of apparent authority." *United States v. Amratiel*, 622 F.3d 914, 915 (8th Cir. 2010). Apparent authority exists if "the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief that the consenting party had authority over the [property]." *Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990) (internal quotation marks omitted).

A.

Bermel begins with an all-or-nothing argument. He urges us to hold that it is "unreasonable for law enforcement to rely upon a minor child's consent to search a parent's items, in any circumstance." In support, he cites two state supreme court decisions, a federal district court order, and one concurrence and one dissent of judges from other circuits. Yet not one of Bermel's five proffered authorities stands for the *per se* rule that he advances. Four of them explicitly disclaim a *per se* rule. *See People v. Jacobs*, 729 P.2d 757, 764 (Cal. 1987) ("We do not suggest that consent by a minor will be ineffective in all cases . . . ."); *Abdella v. O'Toole*, 343 F. Supp. 2d 129, 135 (D. Conn. 2004) ("This court accepts and adopts the general rule that minority does not *per se* preclude a factual finding of actual or apparent authority."); *United States v. Sanchez*, 608 F.3d 685, 697 (10th Cir. 2010) (Lucero, J., concurring) ("I would not impose a per se ban on third-party consent from a minor."); *United States v. Belt*, 609 F. App'x 745, 759 (4th Cir. 2015) (Wynn, J., dissenting) (discussing the circumstances under which a minor could validly consent to a search of the family home). To the extent the fifth, *Commonwealth v. Garcia*,

adopted such a rule, the case is apparently no longer good law. *Compare Garcia*, 387 A.2d 46, 55 (Pa. 1978) (plurality opinion) (concluding that a sixteen-year-old girl could not validly consent to a search of a home) *with Commonwealth v. Hughes*, 836 A.2d 893, 901 (Pa. 2003) (concluding that a group of three twelve- to fourteen-year-old girls standing on the porch of the defendant's house had apparent authority to consent to a search of a home). The dearth of authority supporting a *per se* rule makes sense, as the Supreme Court has observed that even "a child of eight might well be considered to have the power to consent to the police crossing the threshold into that part of the house where any caller . . . might well be admitted." *Georgia v. Randolph*, 547 U.S. 103, 112 (2006) (dictum). Given that Bermel's argument lacks support in law, we reject it.

## B.

Bermel argues alternatively that the daughter lacked apparent authority to consent to the search. As noted, apparent authority turns on Officer Elliot's reasonable reliance on indicia of common authority, like mutual use or joint access or control.[3] *See United States v. Almeida-Perez*, 549 F.3d 1162, 1170 (8th Cir. 2008). In other words, the question is whether "the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief that the consenting party had authority over the [property]." *Rodriguez*, 497 U.S. at 188. The existence of mutual use or joint access or control is a question of fact, though whether police reasonably relied on those indicia of common authority is a legal question. *See Almeida-Perez*, 549 F.3d at 1170.

The daughter had apparent authority over the camera and its memory card. Officer Elliot knew that the daughter lived part-time at Bermel's house, that she was empowered to come and go as she pleased, and that she was sometimes left alone at the house. Officer Elliot knew that the daughter removed the camera from "her"

---

[3]Barring our adoption of his proposed *per se* rule, Bermel assumes in this alternative argument that the ordinarily applicable apparent-authority test applies. We make the same assumption.

bathroom and deduced from this fact that this must be the bathroom that she primarily used when she stayed at the home and the one where she kept her belongings. The camera that she found in her bathroom was not locked or otherwise fixed in place. Nor was it, as the district court found, "even completely concealed from view[,] as the daughter noticed its light while exiting the shower." The district court did not clearly err in determining that these facts established joint access to and control of the bathroom, the camera, and the memory card it contained. And we further conclude that these facts sufficed to lead a person of reasonable caution in the officers' situation to believe that the daughter had authority over the camera and its memory card and that she could validly consent to a search of it.

C.

Having established the daughter's apparent authority to consent to the search of the camera and memory card, we address Bermel's last argument that the evidence does not establish that she actually consented to the search. He takes issue with the fact that the daughter did not verbally respond when Officer Elliott said that he was going to "take" and "analyze" the camera to "see if there's anything on it." He argues alternatively that, even if the daughter consented to a search of the camera, she did not consent to a search of the camera's memory card because she did not know that the camera contained a memory card.

First, the district court did not clearly err in finding that the daughter consented to the search. *See United States v. Rogers*, 661 F.3d 991, 995 (8th Cir. 2011) ("The determination of whether a reasonable officer would believe that the defendant consented is a question of fact, subject to review for clear error."). "[C]onsent can be inferred from words, gestures, or other conduct," and it need not be explicit. *Id.* at 994 (internal quotation marks omitted). Here, Officer Elliott, who had been summoned by the daughter and mother, stated his intention to "analyze" the camera to "see if there's anything on it," and the daughter did not object. The circumstances were sufficient for Officer Elliott to infer consent. *See id.*

Second, and for a similar reason, the district court did not clearly err in its finding that the daughter's consent to search encompassed both the camera and its internal memory card. The permissible scope of a consent search is limited by the scope of the consent given. *See Walter v. United States*, 447 U.S. 649, 656 (1980). And we measure the scope of the consent given "by a standard of objective reasonableness." *United States v. Siwek*, 453 F.3d 1079, 1085 (8th Cir. 2006). Consent to a search of an object generally includes that object's component parts. *See United States v. Beckmann*, 786 F.3d 672, 678-79 (8th Cir. 2015). Here, the daughter raised no objection to Officer Elliott's stated intention to "see if there's anything on" the camera. Because one cannot "see if there's anything on" a digital camera without searching the camera's memory device, the scope of the daughter's consent "would reasonably be understood to extend to" the camera's memory card, whether or not the daughter affirmatively knew of the memory card's existence. *Florida v. Jimeno*, 500 U.S. 248, 252 (1991); *see Beckmann*, 786 F.3d at 678-79; *Siwek*, 453 F.3d at 1084-85.

## III.

For the foregoing reasons, we affirm the denial of the motion to suppress.

_____